■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. JAMES HENRY N., Respondent; KATHERINE N., Respondent.—In consolidated proceedings pursuant to Social Services Law § 384 (b) and Family Court Act article 10 to permanently terminate parental rights on the ground of permanent neglect, the petitioner appeals from so much of an order of the Family Court, Dutchess County (Bernhard, J.), entered October 24, 1990, as dismissed the petitions insofar as they are asserted against the natural mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In this proceeding to terminate parental rights, the Dutchess County Department of Social Services contends that, contrary to the Family Court's determination, it has met its burden of proving that it made diligent efforts to reunite the respondent mother with her three children *(see, Matter of Sheila G.,* 61 NY2d 368, 373). The mother asserts that the Department did not meet its burden.

We need not address that issue, as we agree with the Family Court that the Dutchess County Department of Social Services failed to establish the mother's permanent neglect of her children. There was sufficient evidence in the record to show that the mother had fulfilled her duties to maintain contact with and plan for the future of her children *(see, Matter of Sheila G., supra,* at 373). In this respect, we note that the mother attended, participated in, and successfully completed a course in parenting. She attended a substance abuse clinic, she visited or maintained telephone contact with her caseworker on a regular basis, she visited, or had an acceptable reason for not visiting her children, on 54 out of 55 scheduled visits, she made appropriate efforts to find housing, and she maintained regular employment. The Department's

Supervisor for Foster Care testified that the mother was very concerned about her children, and that she loved them. A Department caseworker also testified that the mother was a loving mother. In addition, the Law Guardian concluded that the Department did not establish that the mother permanently neglected her children. Accordingly, we affirm the Family Court's order dismissing the petitions insofar as they are asserted against the mother. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.