■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON MONK, Appellant. [665 NYS2d 670] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered May 26, 1995, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was arrested in a so-called "buy and bust" operation after he sold cocaine to an undercover police officer. The undercover officer identified the defendant from a single photograph approximately 15 minutes after the first of two purchases.

Contrary to the defendant's assertion on appeal, the hearing court did not err in denying, without a hearing, that branch of the defendant's omnibus motion which was to suppress the undercover officer's identification testimony. The undercover officer's identification of the defendant was the ordinary and proper completion of an integral police procedure and merely confirmatory (*see, People v Wharton,* 74 NY2d 921; *People v Miles,* 219 AD2d 685).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contention is without merit (*see, People v Baldi,* 54 NY2d 137, 146; *People v Ghee,* 153 AD2d 954, 955). Miller, J. P., Ritter, Altman and Krausman, JJ., concur.