■ In the Matter of HARLEM DOWLING—WESTSIDE CENTER FOR CHILDREN AND FAMILY SERVICES, on Behalf of KIMBERLY JEAN R., Also Known as KIMBERLY R., et al., Appellants. MARY C. et al., Respondents. [666 NYS2d 651] —Separate motions by the respondents on an appeal from an order of the Family Court, Queens County, dated June 25, 1996, which was determined by decision and order of this Court dated July 21, 1997, to reargue the decision and order of this Court, or for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branches of the motions which are for leave to appeal to the Court of Appeals are denied; and it is further,

Ordered that the branches of the motions which are to reargue the decision and order of this Court dated July 21, 1997, are granted, and upon reargument the unpublished decision and order of this Court dated July 21, 1997, is recalled and vacated and the following is substituted therefor:

In a proceeding, *inter alia,* pursuant to Social Services Law § 384-b to terminate the parental rights of the mother and the father of the subject child, the Law Guardian and the petitioner

Harlem Dowling—Westside Center for Children and Family Services separately appeal from an order of the Family Court, Queens County (Lauria, J.), dated June 25, 1996, which, upon the conclusion of the petitioner's case at a fact-finding hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition to terminate parental rights on the ground of permanent neglect is reinstated, and the matter is remitted to the Family Court, Queens County, for a new fact-finding hearing before another Judge, which is to be conducted forthwith and continued from day to day until completed.

In a proceeding to terminate parental rights based on permanent neglect, the agency must establish as a threshold matter that it made diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Sheila G.,* 61 NY2d 368, 371). The diligent efforts must include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems which prevent the discharge of the child into their care, and informing the parents of their child's progress (*see,* Social Services Law § 384-b [7] [f]; *Matter of Jamie M.,* 63 NY2d 388, 394-395). However, an agency which diligently attempts to reunite the parents and child but is confronted by uncooperative parents is deemed to have fulfilled its obligation (*see, Matter of Star Leslie W.,* 63 NY2d 136, 144).

Here, the record demonstrates that the petitioner Harlem Dowling—Westside Center for Children and Family Services (hereinafter the agency) met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship (*see,* Social Services Law § 384-b [7] [a], [f]). Among other things, the agency established reunification goals for both the mother and father which included plans to address their respective needs, conducted regular plan reviews, repeatedly referred the parents to services designed to address their respective needs, provided the parents with counseling, and established a regular visitation schedule with the child. Under these circumstances, the Family Court should not have dismissed the proceeding at the close of the petitioner's case. Accordingly, the matter is remitted to the Family Court, Queens County, for a new fact-finding hearing, to be conducted as expeditiously as possible (*see,* Family Ct Act §§ 623, 625 [a]; § 631). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.