◼ In the Matter of ALICIA SHANTE H. and Another, Children Alleged to be Neglected. CLIFFORD H., Appellant; ST. CHRISTOPHER-OTTILIE, Respondent. [666 NYS2d 682] —In two proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from so much of (1) an order of disposition of the Family Court, Queens County (Lubow, J.), dated January 25, 1996, as, after a fact-finding hearing, terminated his parental rights with respect to his daughter Alicia Shante H., and (2) an order of disposition of the same court, also dated January 25, 1996, as terminated his parental rights with respect to Lenette Faye H., and transferred custody and guardianship rights of the children to St. Christopher-Ottilie and the Commissioner of Social Services of the City of New York for purposes of adoption.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

In a proceeding to terminate parental rights based on permanent neglect, the agency must establish as a threshold matter that it exerted diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Sheila G.,* 61 NY2d 368). The diligent efforts must include "reasonable attempts" at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems which prevent the discharge of the child into their care, and informing the parents of their child's progress (*see,* Social Services Law § 384-b [7] [f]; *Matter of Jamie M.,* 63 NY2d 388, 394-395). An agency which has diligently attempted to reunite the parents and child but was confronted by uncooperative parents is deemed to have fulfilled its obligation (*see, Matter of Star Leslie W.,* 63 NY2d 136, 144).

St. Christopher-Ottilie (hereinafter the Agency) met its burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship (see, Social Services Law § 384-b [7] [a], [f]). Among other things, the Agency established reunification goals for the father which included plans to address his needs, including obtaining permanent and adequate housing and attending parenting skills training sessions and domestic violence counseling. The Agency conducted regular plan reviews, it referred the father to services addressed to his needs, and established a regular visitation schedule with the children. The Agency's efforts did not succeed, however, because the father was uncooperative and unresponsive to its efforts, he failed to complete the parenting skills training sessions or obtain permanent and adequate housing, and his visitations with the subject children were sporadic and, on those occasions when he did visit, usually brief.

The record also demonstrates that the Agency met its burden of establishing by clear and convincing evidence that the father permanently neglected the children by failing to plan for their future. Despite the agency's diligent efforts, the father failed to avail himself of the various resources necessary for reunification (see, Social Services Law § 384-b [7] [c]; *Matter of Reggie B.*, 223 AD2d 471; *Matter of Dutchess County Dept. of Social Servs. [Tina D.] v Kenneth D.*, 213 AD2d 714; *Matter of Victor James L.*, 208 AD2d 403; *Matter of Travis Lee G.*, 169 AD2d 769). O'Brien, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.