■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Appellant, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent. [673 NYS2d 933] —In a proceeding to vacate two arbitration awards, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Winslow, J.), dated November 13, 1997, which, upon denying the petition and granting the respondent's cross motion to confirm the awards, is in favor of the respondent and against the petitioner in the sums of $4,647 and $4,743.59.

Ordered that the order and judgment is affirmed, with costs.

To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious (*see, Matter of MVAIC v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223; *Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493). The Supreme Court properly confirmed the arbitrator's awards. The respondent established a prima facie case that the subject vehicle was insured by the petitioner at the time of the accident (*see, Matter of Eagle Ins. Co. v Olephant,* 81 AD2d

886; *Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029), and the affidavit of the petitioner's underwriting manager was insufficient to overcome this showing (*see, Country Wide Ins. Co. v Allstate Ins. Co.,* 223 AD2d 664; *see also, Matter of State Farm Ins. Co. v Vanblarcom,* 226 AD2d 732; *cf., Matter of Allstate Ins. Co. v Karadag,* 205 AD2d 531). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.