◼ In the Matter of SYLVIA ESTHER O. JORGE ALBERT O., Appellant; WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [676 NYS2d 656] —In a proceeding pursuant to Social Services Law § 384-b for guardianship and custody of a child, the father appeals from an order of disposition of the Family Court, Westchester County (Spitz, J.), entered October 31, 1997, which, upon a fact-finding order of the same court entered August 14, 1997, made after a hearing,

finding that the subject child was a permanently-neglected child within the meaning of Social Services Law § 384-b (7) (a), *inter alia*, terminated his parental rights. The appeal brings up for review the fact-finding order entered August 14, 1997.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In a proceeding to terminate parental rights based on permanent neglect, the respondent Westchester County Department of Social Services (hereinafter the DSS) established, by clear and convincing evidence, that it exercised diligent efforts to strengthen the parental relationship with the subject child. However, despite the diligent efforts by the DSS, the appellant has failed to adequately plan for the child's future (*see,* Social Services Law § 384-b [7] [a], [f]; *Matter of Sheila G.,* 61 NY2d 368; *Matter of Alicia Shante H.,* 244 AD2d 509).

This is a case with a long history of physical abuse by the biological parents and of sexual abuse and incestuous relationships among the six children, not including the subject child, who was removed from the biological parents and placed in the foster care of the intervenor-respondents shortly after her birth. Except for the oldest child, who was 16 years old at the time of the hearings and lives with the appellant, all the children are in foster care or in the paternal grandmother's custody. The biological mother, who was also found to have permanently neglected the subject child, did not appeal.

The appellant's lackadaisical attitude and inaction regarding his 16-year-old son's refusal to attend school and the required treatment plans for his incestuous abuses exposes the subject child to possible abuse in the event she was returned to the appellant to live with him and the oldest son. Further, despite the appellant's compliance with the DSS's plans in attending parenting classes and therapy for his own physical abuse of his children, his unwillingness to address his oldest son's problems or his children's incestuous relationships reflected on his inability to provide a safe and stable home (*see, Matter of Taqueena Louise C.,* 222 AD2d 283).

The paramount concern at a dispositional hearing is the best interests of the child (*see, Matter of Star Leslie W.,* 63 NY2d 136, 147; *Matter of Commissioner of Social Servs. of the City of N. Y. [Trudy I.] v Leona W.,* 192 AD2d 602, 603). There is ample evidence in this case that the best interests of the subject child are served by freeing her for adoption by the intervenor-respondents and not be subjected to the potential harm which can result from being returned to her birth family.

It may have been error for the Family Court to preclude the

caseworker from testifying with respect to certain hearsay statements (see, Family Ct Act § 624). However, the error, if any, was harmless given the evidence adduced in this proceeding.

The appellant's remaining contention is without merit. Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.