■ In the Matter of La'Quan De'Vota H. Velma H. et al., Appellants; St. Vincent's Services, Inc., Respondent. [686 NYS2d 89] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother and father separately appeal from an order of the Family Court, Kings County (Pearce, J.), dated November 18, 1996, which, after a hearing, terminated their parental rights and transferred guardianship and custody of the child to the Commissioner of Social Services of the City of New York and St. Vincent's Services, Inc.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the parents' contentions, the Family Court

properly found that the child was permanently neglected. In order to establish permanent neglect as a basis for terminating parental rights, the agency is required to show that the parents "failed for a period of more than one year following the date [that the] child came into [its] care * * * substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368).

Here, the agency, St. Vincent's Services, Inc., established by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship, thereby meeting its initial burden (*see,* Social Services Law § 384-b [7] [f]; *Matter of Kimberly Jean R.,* 245 AD2d 449). These efforts included reasonable attempts to provide counseling to the parents, scheduling regular visitation with them, and repeated referrals of the mother for drug treatment and both parents for parenting skills programs, in addition to keeping them informed of the child's progress in therapy and at school. However, the parents proved to be uncooperative and did not avail themselves of the psychiatric, psychological, and other social and rehabilitative services and material resources made available to them, thereby failing to provide for the future of the child (*see,* Social Services Law § 384-b [7] [c]). Under the circumstances presented here, the Family Court properly determined that despite the agency's diligent efforts to reunite the parents with the child, the parents permanently neglected the child by failing to plan for his future (*see,* Social Services Law § 384-b [7] [a]).

Further, the Family Court did not improvidently exercise its discretion by revoking a suspended judgment, where, as here, the mother's noncompliance with the conditions of the judgment was established by a preponderance of the evidence (*see, Matter of Jennifer VV.,* 241 AD2d 622). Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.