■ In the Matter of JIMMY H. and Another, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES et al., Respondents; JAMES C. et al., Appellants. [712 NYS2d 365] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based upon permanent neglect, the father appeals from so much of an order of the Family Court, Kings County (Hepner, J.), dated November 13, 1997, as, after fact-finding and dispositional hearings, terminated his parental rights on the ground of permanent neglect and transferred custody and guardianship of the subject children to the Commissioner of Social Services of the City of New York and The Salvation Army, and the mother separately appeals from the same order.

Ordered that the appeal by the mother is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The father failed to demonstrate that he was denied the meaningful representation of counsel (see, People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).

In addition, the father neither joined in the mother's motion that the Judge recuse herself, nor moved for such relief on his own behalf. In any event, the Judge providently exercised her discretion in refusing to recuse herself from the proceeding (see, People v Moreno, 70 NY2d 403; Warm v State of New York, 265 AD2d 546; Matter of Sarah L., 207 AD2d 1016). Joy, J. P., S. Miller, Luciano and Smith, JJ., concur.

■ In the Matter of DORIS KOTSIS, Appellant, v EMPIRE INSURANCE COMPANY, Respondent, et al., Respondent. [712 NYS2d 366] —In a proceeding pursuant to CPLR Article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated June 14, 1999, which denied the petition and granted the cross motion of Empire Insurance Company to confirm the award.

Ordered that the order is affirmed, with costs.

The arbitration award under review was not arbitrary, capricious, or irrational, and the Supreme Court was therefore correct in confirming it (see, CPLR 7511 [b] [1] [iii]; Matter of MVAIC v Aetna Cas. & Sur. Co., 89 NY2d 214, 223; Board of Educ. v Dover-Wingdale Teachers' Assn., 61 NY2d 913, 915; Williams v Hughes, 256 AD2d 461; Matter of Interboro Mut. Indem. Ins. Co. v MVAIC, 251 AD2d 580; Matter of Hanover Ins. Co. v State Farm Mut. Auto Ins. Co., 226 AD2d 533). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.