■ In the Matter of GALEANN F. and Others, Children Alleged to be Permanently Neglected. CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent; BLANCA F., Appellant. [721 NYS2d 31] —Orders, Supreme Court, Bronx County (Allen Alpert, J.), entered May 25, 2000, which granted petitioner Catholic Home Bureau for Dependent Children's motion for

summary judgment, finding that respondent permanently neglected the subject children by failing to plan for their future, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded to Family Court for a fact-finding hearing.

In order to establish permanent neglect as a basis for terminating respondent mother's parental rights, petitioner must demonstrate that it expended diligent efforts to encourage and strengthen the parental relationship but that the parent nonetheless failed for more than one year to "substantially and continuously or repeatedly * * * maintain contact with or plan for the future of the child, although physically and financially able to do so." (Social Services Law § 384-b [7] [a]; see also, Matter of La'Quan De'Vota H., 259 AD2d 486; Matter of Marielene T. R., 253 AD2d 882; Matter of Ruschina M., 246 AD2d 485, lv denied 91 NY2d 814.)

In this matter, we agree that there is sufficient evidence on the record to ascertain that petitioner made diligent efforts to strengthen and encourage the parental relationship between respondent and her children. A review of the record, however, raises factual issues as to respondent's willingness and efforts to plan for the return of her children, as she has complied effectively with all of the therapy and programs recommended by petitioner, and has established employment and found a suitable place for living. We also note that the Law Guardian, a court-appointed attorney whose role it is to protect and represent the interests of the children, has recommended a fact-finding hearing to determine whether a finding of permanent neglect is warranted.

Finally, we take cognizance of the Court of Appeals' decision in Matter of Nathaniel T. (67 NY2d 838), in which the Court opined that "[o]f singular importance in reaching a determination as to whether respondents have actually learned to accept responsibility and modify their behavior must be an evaluation of respondents' own testimony, particularly their credibility, as well as the evidence of witnesses (professional and nonprofessional) who have dealt with them in the various programs and observed them and the children." (Id., at 842 [emphasis added].) Concur—Nardelli, J. P., Rubin, Saxe and Friedman, JJ. [As amended by unpublished order entered June 19, 2001.]