■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of SAMANTHA BERNADETTE THERESA V. and Others, Children Alleged to be Neglected, Respondent. RENEE THERESA B., Appellant. [731 NYS2d 626] —In a proceeding pursuant to Social Services Law § 384-b to terminate the parental rights of the mother based on permanent neglect, the mother appeals from an order of fact-finding and disposition (one paper) of the Family Court, Dutchess County (Forman, J.), dated February 3, 2000, which, after fact-finding and dispositional hearings, terminated her parental rights to the subject children on the ground of permanent neglect and transferred custody and guardianship rights of the children to the Dutchess County Department of Social Services for purposes of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the petitioner agency met its burden of establishing, by clear and convincing evidence, that despite its diligent efforts to encourage and strengthen the parental relationship, the mother permanently neglected her children by failing to plan for their future (*see,* Social Services Law § 384-b [7] [a]; *Matter of Michael B.,* 80 NY2d 299, 309; *Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368, 384; *Matter of Shantelle W.,* 185 AD2d 935, 939). The mother's failure to complete a drug and alcohol dependency treatment program evidenced her failure to plan for her children's discharge to her custody (*see, Matter of Gina I.,* 270 AD2d 21; *Matter of Vincent M.,* 255 AD2d 515).

Further, the Family Court's finding that it was in the children's best interests to terminate their mother's parental rights and free them for adoption is also supported by a preponderance of the evidence (*see, Matter of Tiffany A.,* 242 AD2d 709; *Matter of Amanda R.,* 215 AD2d 220; *Matter of Desire Star H.,* 202 AD2d 582). The mother's testimony in January 2000 that she was willing to comply with a June 1997 order mandating drug and alcohol treatment and abstinence is insufficient to require a different result (*see, Matter of Tiffany*

*A., supra; Matter of Desire Star H., supra*). O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.