■ In the Matter of LUNO SCOTT A., Also Known as LUND A., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; TIMOTHY A., Appellant. (Proceeding No. 1.) In the Matter of KATHERINE HELEN A., Also Known as KATIE A., Also Known as KATE A., a Child Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; TIMOTHY A., Appellant. (Proceeding No. 2.) [740 NYS2d 94] —In two related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the parental rights of the father on the ground that he had permanently neglected his children Luno Scott A., also known as Lund A., and Katherine Helen A., also known as Katie A., also known as Kate A., the father appeals, as limited by his brief, from so much of two orders of disposition of the Family

Court, Kings County (Sunshine, J.), both dated July 15, 1999 (one as to each child), as, after a joint dispositional hearing, terminated his parental rights and committed the children to the custody and guardianship of the petitioner St. Christopher-Ottilie and the Commissioner of Social Services of the City of New York. The appeal brings up for review a joint fact-finding order of the same court (Salinitro, J.), which, after a hearing, found that the father had permanently neglected his children.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the father's contentions, the evidence presented at the joint fact-finding hearing established that the agency made diligent efforts to assist him in maintaining substantial contact with and planning for his children. The agency, inter alia, provided the father with parenting skills classes, psychiatric evaluations, and counseling, scheduled regular biweekly two-hour visits with the children, provided him with housing services, and informed him of the children's progress (*see Matter of Alicia Shante H.,* 245 AD2d 509; *Matter of Tasha Monica B.,* 156 AD2d 247). The Family Court's finding of permanent neglect against the father was supported by clear and convincing evidence that he failed to take advantage of the housing services offered to him by the agency, and otherwise failed to meet his obligation to realistically plan for the children (*see Matter of Samantha Bernadette Theresa V.,* 287 AD2d 499; *Matter of Kathleen B.,* 144 AD2d 357; *Matter of June Y.,* 128 AD2d 538).

The finding that it was in the children's best interests to be adopted by their foster mother, with whom they have lived for the entirety of their lives, is supported by a preponderance of the evidence (*see Matter of Samantha Bernadette Theresa V., supra; Matter of Phillip DeJohne E.,* 279 AD2d 360; *Matter of Jayson M.,* 177 AD2d 396). Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.