■ In the Matter of JAHMEL FITZROY ZACHARIOUS R., a Child Alleged to be Neglected. CHILDREN's AID SOCIETY et al., Respondents; ELIZABETH S., Appellant. (Proceeding No. 1.) In the Matter of LAKEEMA ELIZABETH S., a Child Alleged to be Neglected. CHILDREN's AID SOCIETY et al., Respondents;

ELIZABETH S., Appellant. (Proceeding No. 2.) In the Matter of BABY BOY S., a Child Alleged to be Neglected. CHILDREN'S AID SOCIETY et al., Respondents; ELIZABETH S., Appellant. (Proceeding No. 3.) In the Matter of BABY GIRL S., a Child Alleged to be Neglected. CHILDREN'S AID SOCIETY et al., Respondents; ELIZABETH S., Appellant. (Proceeding No. 4.) In the Matter of ELIJAH XAVIER S., a Child Alleged to be Neglected. CHILDREN'S AID SOCIETY et al., Respondents; ELIZABETH S., Appellant. (Proceeding No. 5.) [743 NYS2d 719] —In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground, inter alia, of permanent neglect, the mother appeals, as limited by her brief, from so much of five orders of fact finding and disposition (one paper each) of the Family Court, Kings County (Porzio, J.), all entered June 29, 2000, (one as to each child), as, after fact-finding and dispositional hearings, terminated her parental rights on the ground that the children were permanently neglected, and transferred guardianship and custody of the children to the petitioner, the Children's Aid Society, and the Commissioner of Social Services of the City of New York.

Ordered that the orders of fact finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The evidence adduced at the fact-finding hearing supports the finding of permanent neglect. The presentment agency established by clear and convincing evidence that it made diligent attempts to strengthen the parental relationship between the mother and the children, and that despite its efforts, the mother failed to secure housing, obtain a stable income, maintain contact with the children, or plan for their future (*see* Social Services Law § 384-b; *Matter of "Female" J.,* 283 AD2d 496; *Matter of La'Quan De'Vota H.,* 259 AD2d 486, 487; *Matter of Alicia Shante H.,* 245 AD2d 509). Florio, J.P., O'Brien, McGinity and H. Miller, JJ., concur.