■ In the Matter of IKEA L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TONYA L., Appellant. (Proceeding No. 1.) In the Matter of DENZEL L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TONYA L., Appellant. (Proceeding No. 2.) In the Matter of JALAYSIA L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TONYA L., Appellant. (Proceeding No. 3.) In the Matter of SHAQUELL L., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TONYA L., Appellant. (Proceeding No. 4.) In

the Matter of DARRIUS B., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TONYA L., Appellant. (Proceeding No. 5.) [745 NYS2d 716] —In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of five orders of disposition (one as to each child) of the Family Court, Suffolk County (Simeone, J.), two entered May 3, 2001, and three entered May 4, 2001, as, after fact-finding and dispositional hearings, found that she permanently neglected her five children, terminated her parental rights with respect to each of the children, and transferred custody and guardianship rights of the children to the Suffolk County Department of Social Services for the purposes of adoption. The appeals bring up for review the joint fact-finding order of the same court, dated February 13, 2001.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

Keeping in mind that the Family Court's findings, particularly as to the credibility, character, and temperament of the parent and other witnesses, are to be accorded great deference (*see Matter of Celenia R.*, 264 AD2d 737, 738), we find that the evidence adduced at the fact-finding hearing supports the Family Court's finding of permanent neglect. The presentment agency established by clear and convincing evidence that it made diligent attempts to strengthen the parent-child relationship, and that despite its efforts, the mother failed to plan for the future of the children (*see* Social Services Law § 384-b; *Matter of Sheila G.*, 61 NY2d 368; *Matter of La'Quan De'Vota H.*, 259 AD2d 486, 487; *Matter of Alicia Shante H.*, 245 AD2d 509, 510; *cf. Matter of Dutchess County Dept. of Social Servs. [James Henry N.]*, 181 AD2d 824). Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.