■ In the Matter of DIANA L., a Child Alleged to be Neglected. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANKIE L., Appellant. (Proceeding No. 1.)

In the Matter of CHRIS L., a Child Alleged to be Neglected. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANKIE L., Appellant. (Proceeding No. 2.) [749 NYS2d 167] —In two related proceedings pursuant to Social Services Law 384-b to terminate the mother's parental rights on the ground of neglect, the mother appeals from (1) a fact-finding order of the Family Court, Rockland County (Warren, J.), dated December 19, 2000, which, after a hearing, found that she had permanently neglected the two subject children, (2) an order of disposition of the same court, dated February 9, 2001, which, upon the fact-finding order, transferred the guardianship and custody of the subject children to the petitioner, Rockland County Department of Social Services, and (3) an order of the same court, entered March 6, 2001, which committed the children to the custody of the petitioner for eventual adoption.

Ordered that the appeal from the fact-finding order dated December 19, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated February 9, 2001; and it is further,

Ordered that the order of disposition dated February 9, 2001, and the order entered March 6, 2001, are affirmed, without costs or disbursements.

Contrary to the mother's contentions, under the circumstances of this case, the petitioner, Rockland County Department of Social Services, made diligent efforts to strengthen her parental relationship with the two subject children (*see Matter of Dillon W.*, 296 AD2d 416; *Matter of Luno Scott A.*, 292 AD2d 602; *Matter of Jeremiah R.*, 266 AD2d 553; *Matter of Sylvia Esther O.*, 253 AD2d 465). Despite these efforts, and notwithstanding that the mother made laudable attempts to improve herself (*see Matter of Tiffany A.*, 242 AD2d 709), we agree with the Family Court's finding of permanent neglect based upon the mother's failure to timely and adequately address her mental health needs (*see Matter of Ronell Dashawn P.*, 296 AD2d 502; *Matter of Dana Marie L.*, 296 AD2d 499), and her concomitant failure to realistically plan for the children's futures (*see Matter of Dillon W., supra*; *Matter of Dutchess County Dept. of Social Servs. [Samantha Bernadette Theresa V.]*, 287 AD2d 499; *Matter of Sylvia Esther O., supra*).

Finally, we agree with the finding that it was in the children's best interests to be freed for adoption by their foster parents. The children have enjoyed a loving family relationship with the foster parents for approximately four years (*see Matter of Lonnie C.*, 293 AD2d 535; *Matter of Luno Scott A., supra*; *Matter of Jeremiah R., supra*; *Matter of Sylvia Esther O., supra*). Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.