In the Matter of JOYCE MARIE B. LAKESIDE FAMILY AND CHILDREN'S SERVICES, INC., Respondent; ALMA B., Appellant. (Proceeding No. 1.) In the Matter of PERCRESSA SHAREEN B. LAKESIDE FAMILY AND CHILDREN'S SERVICES, INC., Respondent; ALMA B., Appellant. (Proceeding No. 2.) In the Matter of ISMAEL AKEEM B. LAKESIDE FAMILY AND CHILDREN'S SERVICES, INC., Respondent; ALMA B., Appellant. (Proceeding No. 3.) [759 NYS2d 754] —In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from three orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Staton, J.), all dated May 17, 2001, which, after a hearing, found that she permanently neglected the children, terminated her parental rights, and transferred the guardianship and custody of the children to the petitioner and the Commissioner of Social Services, for purposes of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the mother's contentions, the evidence presented at the joint fact-finding hearing established that the agency made diligent efforts to assist her in maintaining substantial contact with and planning for her children's futures (see Social Services Law § 384-b [7] [a]; *Matter of Jamie M.,* 63 NY2d 388 [1984]; *Matter of Sheila G.,* 61 NY2d 368 [1984]). The agency, inter alia, provided the mother with parenting skills classes, domestic violence programs, psychiatric evaluation, and counseling, scheduled regular biweekly visits with the children, and informed her of the children's progress (see *Matter of Luno Scott A.,* 292 AD2d 602 [2002]; *Matter of Alicia Shante H.,* 245 AD2d 509 [1997]; *Matter of Sonia H.,* 177 AD2d 575 [1991]). Despite its encouragement, and notwithstanding the fact that the mother made laudable attempts to improve herself (see *Matter of Diana L.,* 299 AD2d 359 [2002]), the mother failed to maintain contact with her children on a regular basis and failed to plan for their future (see *Matter of Charlene Lashay J.,* 280 AD2d 320 [2001]; *Matter of Travis Taylor W.,* 275 AD2d 374 [2000]; *Matter of Ashley E.,* 271 AD2d 764 [2000]).

The finding that it was in the children's best interests to be adopted by their foster mother, with whom they have lived for most of their lives, is supported by a preponderance of the evidence (see *Matter of Star Leslie W.,* 63 NY2d 136 [1984]; *Matter of Luno Scott A., supra; Matter of Sarah Jean R.,* 290 AD2d 511 [2002]).

The mother's remaining contentions are without merit. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.