■ In the Matter of AVERY CURTIS FOSTER JOE D., a Child Alleged to be Neglected. LAKESIDE FAMILY & CHILDREN'S SERVICES, Respondent; MARILYN B., Also Known as MARILYN D., Appellant. (Proceeding No. 1.) In the Matter of KENYANNA AMBER HOPE D., a Child Alleged to be Neglected. LAKESIDE FAMILY & CHILDREN'S SERVICES, Respondent; MARILYN B., Also Known as MARILYN D., Appellant. (Proceeding No. 2.) In the Matter of KENYETTA ASIA JOY D., a Child Alleged to be Neglected. LAKESIDE FAMILY & CHILDREN'S SERVICES, Respondent; MARILYN B., Also Known as MARILYN D., Appellant.

(Proceeding No. 3.) [761 NYS2d 672] —In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, inter alia, on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of three dispositional orders of the Family Court, Kings County (Weinstein, J.), all dated April 18, 2000 (one as to each child), as, after fact-finding and dispositional hearings, terminated her parental rights with respect to the children, and transferred custody and guardianship rights of the children to the Commissioner of Social Services of the City of New York and Lakeside Family & Children's Services for purposes of adoption.

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

To establish permanent neglect as a basis for terminating parental rights, the petitioner is required to show that the parent "failed for a period of more than one year following the date [that the] child came into [its] care * * * substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.,* 63 NY2d 136 [1984]; *Matter of Sheila G.,* 61 NY2d 368 [1984]). Contrary to the mother's contentions, under the circumstances of this case, the petitioner, Lakeside Family & Children's Services, made diligent efforts to strengthen her parental relationship with the three subject children (*see* Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W., supra* at 142; *Matter of Sheila G., supra* at 380-381). The agency, inter alia, provided the mother with referrals to parenting skills classes, court-ordered psychiatric evaluations, and regularly scheduled family visits with the subject children as well as sibling visits with the mother's four other children in the custody of another agency. Despite the agency's efforts, the mother remained indifferent and uncooperative, which frustrated the agency's ability to assist the mother in developing a plan for the permanent return of the subject children (*see Matter of Star Leslie W., supra* at 144; *Matter of Antonio Alexis V.,* 293 AD2d 683, 684 [2002]; *Matter of Alicia Shante H.,* 245 AD2d 509 [1997]).

The agency established by clear and convincing evidence that the mother permanently neglected the subject children. Caseworkers developed concerns about the mother's psychological state and her ability to properly nurture her children, and these concerns were discussed with the mother. Caseworkers

referred the mother for a psychiatric evaluation to assess her need for psychotherapy. The mother admittedly failed to obtain the required evaluation at Brookdale Hospital. We agree with the Family Court's finding of permanent neglect based upon the mother's failure to timely and adequately address her mental health needs (*see Matter of Diana L.,* 299 AD2d 359, 360 [2002]; *Matter of Luno Scott A.,* 292 AD2d 602, 603 [2002]; *Matter of Sonia H.,* 177 AD2d 575, 577 [1991]), and her concomitant failure to realistically plan for the children's futures (*see* Social Services Law § 384-b [7] [c]; *Matter of Diana L., supra; Matter of Sonia H., supra*).

The Family Court providently exercised its discretion in declining to issue a suspended judgment (*see* Family Ct Act § 631 [b]; § 633; *Matter of Michael B.,* 80 NY2d 299, 311 [1992]). The evidence adduced at the dispositional hearing established that it would be in the subject children's best interest to be freed for adoption by the foster mother, to whom they are strongly attached and who has provided them with a stable home environment. Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.