■ In the Matter of NEHEMIAH JOEL B. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; LARRY B., Appellant. (Proceeding No. 1.) In the Matter of HEZAKIAH B. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; LARRY B., Appellant. (Proceeding No. 2.) In the Matter of JOSHUA B. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; LARRY B., Appellant. (Proceeding No. 3.) [761 NYS2d 506] —In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals from three orders of fact-finding and disposition of the Family Court, Kings County (Sunshine, J.) (one in each proceeding), all entered January 8, 2001, which, after a hearing, terminated his parental rights and transferred guardianship and custody of the subject children to the Commissioner of Social Services of the City of New York and Little Flower Children's Services.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the contention of Larry B., the father of the subject children, the Family Court properly determined that the presentment agency fulfilled its duty by assisting him with counseling and programs to help him resolve or ameliorate the problems preventing discharge of the children in question into his care (*see Matter of Star Leslie W.,* 63 NY2d 136 [1984]). The Family Court further properly found that the father had permanently neglected his children by failing to take responsibility for, and plan for, their future physical and emotional support and, accordingly, terminated his parental rights (*id.*).

Further, at the dispositional hearing, the Family Court considered the best interests of the children, and properly determined that the children should be freed for future adoption by their foster mother, who has provided them with a loving and stable home and also cares for the subject children's three older siblings, whom she is in the process of adopting (*id.*).

The father's remaining contentions are without merit. Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.