■ In the Matter of MARIE J., Also Known as CHERRY-MARIE J., Also Known as JEWEL J. ABBOTT HOUSE, INC., Respondent; CHERRY J., Appellant, et al., Respondent. [762 NYS2d 263] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Queens County (Bogacz, J.), entered January 22, 2002, as, after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the petitioner and the Commissioner of Social Services for purposes of adoption.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Keeping in mind that the Family Court's findings are to be accorded great deference, particularly as to the credibility, character, and temperament of the parent and other witnesses (*see Matter of Celenia R.,* 264 AD2d 737, 738 [1999]), we find that the evidence adduced at the fact-finding hearing supports the Family Court's finding of permanent neglect. The petitioner established by clear and convincing evidence that it made diligent attempts to strengthen the parent-child relationship, and that despite its efforts, the mother failed to meaningfully plan for the future of the subject child (*see* Social Services Law § 384-b; *Matter of Sheila G.,* 61 NY2d 368 [1984]; *Matter of La'Quan De'Vota H.,* 259 AD2d 486 [1999]; *Matter of Alicia Shante H.,* 245 AD2d 509 [1997]; *cf. Matter of Dutchess County Dept. of Social Servs. [James Henry N.],* 181 AD2d 824 [1992]). Furthermore, the mother's changed circumstances were insufficient to warrant a suspended judgment, given the absence of any real relationship between herself and the child and the bond that the child has developed with the foster parents who have been competently caring for her special needs (*see Matter of C. Children,* 253 AD2d 554, 555 [1998]).

The mother's remaining contention is without merit. Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.