■ In the Matter of CHRISTOPHER S. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CAROL S., Appellant. [767 NYS2d 812]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of disposition of the Family Court, Suffolk County (Lehman, J.), entered September 25, 2002, which, after a hearing, in effect, terminated her parental rights and transferred custody and guardianship of the subject child to the petitioner for the purpose of adoption. The appeal brings up for review a fact-finding order of the same court entered August 19, 2002, finding that the mother had permanently neglected the child.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petitioner established, by clear and convincing evidence (*see* Social Services Law § 384-b [3] [g]), that it made diligent efforts to encourage and strengthen the parental relationship between the mother and the subject child, who was in the petitioner's custody for several years (*see* Social Services Law § 384-b [7] [f] [2], [3]; *Matter of Joyce Marie B.,* 305 AD2d 589, 590 [2003]; *Matter of Luno Scott A.,* 292 AD2d 602, 603 [2002]; *Matter of La'Quan De'Vota H.,* 259 AD2d 486, 487 [1999]). The petitioner also established, by clear and convincing evidence, that the mother failed to plan for the child's future during that period of time (*see* Social Services Law § 384-b [7] [c]; *Matter of Shane Anthony P.,* 307 AD2d 297 [2003], *lv denied* 100 NY2d 513 [2003]; *Matter of Dutchess County Dept. of Social Servs. [Tina D.] v Kenneth D.,* 213 AD2d 714 [1995]; *Matter of Tammy B.,* 185 AD2d 881, 882-883 [1992]; *Matter of Sonia H.,* 177 AD2d 575 [1991]; *Matter of Travis Lee G.,* 169 AD2d 769, 770 [1991]). Accordingly, the Family Court properly found that the mother had permanently neglected the child (*see* Social Services Law § 384-b [7] [a]).

Under the circumstances, the Family Court properly terminated the mother's parental rights (*see Matter of Avery Curtis Foster Joe D.,* 306 AD2d 276, 278 [2003]).

The mother was not deprived of her right to the effective assistance of counsel (*see* Family Ct Act § 262 [a] [iv]; *Matter of Bryan W.,* 299 AD2d 929, 930 [2002]; *Matter of Jimmy H.,* 274 AD2d 430 [2000]). S. Miller, J.P., Goldstein, Adams and Crane, JJ., concur.