■ In the Matter of MEGAN V. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN V., Appellant. (Proceeding No. 1.) In the Matter of ANGELICA V. SUFFOLK

COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN V., Appellant. (Proceeding No. 2.) [776 NYS2d 518]—

In two related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of permanent neglect, the father appeals from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered January 6, 2003, which, upon a fact-finding order of the same court entered November 13, 2002, made after a hearing, finding that he had permanently neglected the subject children, and, after a dispositional hearing, terminated his parental rights and transferred custody and guardianship of the children to the Suffolk County Department of Social Services for the purpose of adoption. The appeal brings up for review the fact-finding order entered November 13, 2002.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the father's contention, the evidence presented at the fact-finding hearing established that the Suffolk County Department of Social Services (hereinafter DSS) made diligent efforts to assist him in maintaining substantial contact with and planning for the future of his children (see Social Services Law 384-b [7] [a]; cf. Matter of Sheila G., 61 NY2d 368, 373 [1984]). DSS, inter alia, provided the father with psychotherapy, parenting skills programs, housing services, and regularly-scheduled visitation with the children (see Matter of Luno Scott A., 292 AD2d 602, 603 [2002]). Despite DSS's efforts, the father failed to make any progress and to regularly attend and comply with DSS's programs. Thus, the Family Court's finding that the father permanently neglected his children was supported by clear and convincing evidence that he failed to plan for their future (see Matter of Joyce Marie B., 305 AD2d 589, 590 [2003]; Matter of Luno Scott A., supra).

The father's remaining contentions are without merit. Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.