■ In the Matter of DAVID M., an Infant. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, INC., Respondent; KELLY M., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JOY M., an Infant. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, INC., Respondent; KELLY M., Appellant, et al., Respondent. (Proceeding No. 2.) [799 NYS2d 266]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, inter alia, on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition (one as to each child), of the Family Court, Kings County (Freeman, J.), both dated May 15, 2002, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to Angel Guardian Children and Family Services, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders are affirmed, without costs or disbursements.

To establish permanent neglect as a basis for terminating parental rights, the petitioner was required to show that the parent "failed for a period of more than one year following the date [that the] child came into [its] care . . . substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.,* 63 NY2d 136, 142-143 [1984]; *Matter of Sheila G.,* 61 NY2d 368, 380 [1984]). Here, it was established by clear and convincing evidence that the petitioner made diligent attempts to strengthen the relationship between the mother and the subject children and that, despite these efforts, the mother remained either indifferent to or uncooperative in correcting the conditions that led to the removal of the subject children from her home (*see Matter of Antonio Alexis V.,* 293 AD2d 683 [2002]; *Matter of Sonia H.,* 177 AD2d 575 [1991]; *Matter of June Y.,* 128 AD2d 538, 539 [1987]). In addition, the evidence adduced at the dispositional hearing demonstrated that the subject children's best interests would be served by terminating the mother's parental rights and freeing them for adoption by their foster parents (*see Matter of Antonio Alexis V., supra* at 684; *Matter of Dutchess County Dept. of Social Servs. [Samantha Bernadette Theresa V.],* 287 AD2d 499 [2001]; *Matter of Maldrina R.,* 219 AD2d 723, 724 [1995]).

The mother's remaining contentions are either unpreserved for appellate review or without merit. Adams, J.P., Goldstein, Crane and Skelos, JJ., concur.