■ In the Matter of MICHAEL B.T., Appellant, v LAURIE T., Now Known as LAURIE J., Respondent. (Proceeding No. 1.) In the Matter of AUTUMN T., an Infant. LAURIE T., Now Known as LAURIE J., et al., Respondents; MICHAEL B.T., Appellant. (Proceeding No. 2.) [799 NYS2d 420]—

In related proceedings for visitation pursuant to Family Court Act article 6 and for adoption pursuant to Domestic Relations Law article 7, the father appeals from an order of the Family Court, Suffolk County (Blass, J.), entered May 14, 2004, which, after a hearing, granted the application of the mother and stepfather to dispense with the necessity of the father's consent to the adoption and dismissed his petition for visitation.

Ordered that on the court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order which, after a hearing, granted the application of the mother and stepfather to dispense with the necessity of the father's consent to the adoption is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* Family Ct Act § 1112); and it is further,

Ordered that the order is affirmed, without costs and disbursements.

The Family Court's findings are to be accorded great deference, particularly as to the credibility, character, and temperament of the parent and other witnesses (*see Matter of Marie J.,*

307 AD2d 265 [2003]). We conclude that clear and convincing evidence supports the Family Court's finding that the father abandoned the subject child within the meaning of Domestic Relations Law § 111 (2) (a), so that his consent to her adoption was not required.

The father's remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.