■ In the Matter of RENA ELAINE M. SHELTER ARMS CHILDREN'S SERVICE, Petitioner; ROBERTA ELLEN B., Also Known as ROBERTA M., Appellant, et al., Respondent. ST. DOMINIC'S HOME et al., Nonparty Respondents. [803 NYS2d 657]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, inter alia, on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Staton, J.), dated June 1, 2004, which, after fact-finding and dispositional hearings, found that she had permanently neglected the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and St. Dominic's Home for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the mother's contention, the summons and petition to terminate her parental rights provided her with clear notice that the proceeding "may result in an order freeing the child for adoption without the consent of or notice to the parents" (Social Services Law § 384-b [3] [e]) and advised her of her right to counsel for the proceeding in satisfaction of Social Services Law § 384-b (3) (e) (*see Matter of Michelle H.,* 228 AD2d 440 [1996]).

St. Dominic's Home satisfied its burden of proving permanent neglect by establishing, by clear and convincing evidence, that for more than one year after the child's placement in foster care, the mother failed to acknowledge that the child had been sexually molested by her ex-boyfriend, which was a necessary element of planning for the child's return, despite the diligent efforts by the agency to assist the mother in gaining this necessary insight into the circumstances which led to the child's placement in the first instance (*see* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.,* 63 NY2d 136, 144 [1984]; *Matter of Adrian M.,* 270 AD2d 93, 94 [2000]; *Matter of Arron Brandend C.,* 267 AD2d 107 [1999]; *Matter of Chimere C.,* 259 AD2d 615, 616 [1999]; *Matter of Orange County Dept. of Social Servs. [Jeremy Myles P.] v Joann P.,* 195 AD2d 512 [1993]). Further, there is ample evidence that the best interests of the subject child would be served by freeing her for adoption by the foster parent and not subjecting her to the potential harm that could result from her being returned to the mother (*see Matter of Nehemiah Joel B.,* 306 AD2d 472 [2003]; *Matter of Joyce Marie B.,* 305 AD2d 589 [2003]; *Matter of Antonio Alexis V.,* 293 AD2d 683 [2002]; *Matter of Lonnie C.,* 293 AD2d 535 [2002]). Accordingly, the Family Court also properly determined that it was in the best interests of the child to terminate the mother's parental rights (*see Matter of Star Leslie W., supra* at 147-148).

The mother's remaining contentions are either unpreserved

for appellate review or without merit. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.