■ In the Matter of ANTONIO I. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHLEEN I. et al., Appellants. [809 NYS2d 170]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother and father separately appeal from an order of fact finding and disposition of the Family Court, Suffolk County (Lehman, J.), entered November 1, 2004, made after fact-finding and dispositional hearings, which found that they permanently neglected the subject child, terminated their parental rights, and transferred guardianship and custody of the subject child to Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is modified, on the law, by deleting the provision thereof finding that the mother permanently neglected the subject child and substituting therefor a provision dismissing the petition insofar as asserted against the mother; as so modified, the order is affirmed, without costs or disbursements.

The subject child was admitted to the hospital with skull fractures when he was 23 days old. When an adequate explanation for the child's injuries was not forthcoming from the

parents, the Family Court granted temporary custody of the child to the Suffolk County Department of Social Services (hereinafter DSS). On December 30, 2003, DSS filed a petition for the termination of parental rights on the grounds of permanent neglect. After fact-finding and dispositional hearings, the court found that both parents had permanently neglected the child and terminated their parental rights. The parents appeal.

The father only visited the child once in the year preceding the institution of the petition for termination of his parental rights. He also failed to complete most of the court-ordered programs. Therefore the father failed both to "maintain contact with" and to "plan for the future of the child . . . notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]), and the finding of permanent neglect against him and the termination of his parental rights was correct (*see Matter of Kandu Anthony Y.*, 166 AD2d 653 [1990]).

The mother, on the other hand, attended all but one of the scheduled visits with the child and completed every program required of her, even attending sessions in excess of court mandates. She completed 2 parenting skills classes, 4 months of drug counseling, 16 weeks of domestic violence prevention counseling, and saw a psychiatrist once a week. She obtained employment and was on a wait list for subsidized housing. In addition, she maintained regular contact with the caseworkers and never missed a case review.

We note that although the mother failed to admit that the child's injuries were caused by a specific incident of domestic violence, she did admit to the problem, and took "steps to correct the condition [ ]" by attending domestic violence prevention counseling (*Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *cf. Matter of Sonia H.*, 177 AD2d 575 [1991]).

Under these circumstances, we find that the agency did not establish by clear and convincing evidence that the mother failed to plan for the child's future (*see Matter of Lisa Ann U.*, 52 NY2d 1055 [1981]; *Matter of Dutchess County Dept. of Social Servs.*, 181 AD2d 824 [1992]). Thus, the finding of permanent neglect by the mother is reversed, as is the termination of her parental rights, and the petition is dismissed insofar as asserted against her. Florio, J.P., Schmidt, Fisher and Dillon, JJ., concur.