■ In the Matter of EVELYN MONCRIEFF G., an Infant. LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., et al., Respondents; EDMUND EMERSON G., SR., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of ELSWITH PATRICIA G., an Infant. LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., et al., Respondents; EDMUND EMERSON G., SR., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of CLARA EMERSON G., an Infant. LUTHERAN SOCIAL SERVICES OF METROPOLITAN NEW YORK, INC., et al., Respondents; EDMUND EMERSON G., SR., Appellant, et al., Respondent. (Proceeding No. 3.) [840 NYS2d 142]—In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the father appeals, as limited by his brief, from so much of three orders of fact finding and disposition of the Family Court, Queens County (Salinitro, J.), each dated October 17, 2005 (one as to each child), as, after fact-finding and dispositional hearings, terminated his parental rights, and transferred the guardianship and custody of the subject children to Lutheran Social Services of Metropolitan New York, Inc., and the Commissioner of Social Services for purposes of adoption.

Ordered that the orders of fact finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The Family Court's findings as to the credibility, character, and temperament of the parent and other witnesses are to be accorded great deference (*see Matter of Celenia R.*, 264 AD2d 737, 738 [1999]). The evidence adduced at the fact-finding hearing supports the Family Court's findings of permanent neglect. It was established, by clear and convincing evidence, that the petitioner Lutheran Social Services of Metropolitan New York, Inc., made diligent attempts to strengthen the parent-child relationships, and that despite its efforts, the father failed to

meaningfully plan for the future of the subject children (*see* Social Services Law § 384-b; *Matter of Star Leslie W.*, 63 NY2d 136, 140 [1984]; *Matter of Ashey Lorraine R.*, 22 AD3d 671 [2005]; *Matter of Pleasant Edward G.*, 306 AD2d 409 [2003]).

In addition, the evidence adduced at the dispositional hearing demonstrated that the subject children's best interests would be served by terminating the father's parental rights and freeing the children for adoption by their respective foster parents (*see Matter of Ashey Lorraine R., supra; Matter of Marie J.*, 307 AD2d 265 [2003]; *Matter of Precious Sarah B.*, 269 AD2d 393 [2000]).

The father's remaining contentions are without merit. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.