■ In the Matter of "Baby Boy" P., Also Known as Maxim V. Administration for Children's Services et al., Respondents; Irena P., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of Daniel V. Administration for Children's Services et al., Respondents; Vidim V., Appellant, et al., Respondent. (Proceeding No. 2.) [982 NYS2d 334]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of two orders of fact-finding and disposition of the Family Court, Queens County (McGowan, J.), both dated July 5, 2012 (one as to each child), as, after fact-finding and dispositional hearings, found that she had permanently neglected the subject children, terminated her parental rights, and transferred

custody and guardianship of the subject children jointly to Forestdale, Inc. and the Commissioner of the Administration for Children's Services for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly found that Forestdale, Inc. (hereinafter the agency), exercised diligent efforts to strengthen her relationship with the subject children by, inter alia, facilitating visitation, developing a service plan, advising her that she needed to secure adequate housing and income, making recommendations on how to obtain suitable housing and income, and providing appropriate referrals (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Dina Loraine P. [Ana C.]*, 107 AD3d 634, 635 [2013]; *Matter of Luno Scott A.*, 292 AD2d 602, 603 [2002]; *cf. Matter of Kevin L. [Jose L.L.]*, 102 AD3d 695, 696 [2013]). However, the mother refused to accept the agency's assistance and did not take the necessary steps to acquire suitable housing or a stable income. An agency that has exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligations (*see Matter of Star Leslie W.*, 63 NY2d at 144; *Matter of Kevin L. [Jose L.L.]*, 102 AD3d at 696). Under these circumstances, the Family Court correctly found that, despite diligent efforts by the agency, the mother failed to adequately plan for the subject children's future and, therefore, permanently neglected them (*see* Social Services Law § 384-b [7] [c]; *Matter of Kevin L. [Jose L.L.]*, 102 AD3d at 696; *Matter of Beyonce H. [Baranaca H.]*, 85 AD3d 1168, 1169 [2011]).

Additionally, the Family Court properly determined that the best interests of the subject children would be served by terminating the mother's parental rights and freeing them for adoption by their foster parents, with whom the children had been living for substantially all of their lives (*see Matter of Kevin L. [Jose L.L.]*, 102 AD3d at 696; *Matter of Luno Scott A.*, 292 AD2d at 603). Dillon, J.P., Hall, Austin and Sgroi, JJ., concur.