■ In the Matter of TRAVIS LEE G. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHELLE G.,

Appellant, et al., Respondent.—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Marlow, J.), entered September 29, 1988, as terminated her parental rights.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Social Services Law § 384-b (7) establishes two tests to determine permanent neglect. There must be clear and convincing evidence that there was either (1) a failure to substantially and continuously maintain contact with the child, or (2) a failure to plan for the future of the child (see, Matter of Amber W., 105 AD2d 888, 891). Here, since the petitioner does not dispute that the appellant satisfied the contact requirement of the statute, the relevant issue is whether the appellant adequately planned for the future of her child. We agree with the Family Court that she did not.

The plan formulated by the parents must remove destructive tendencies from their lives (see, Matter of Leon RR., 48 NY2d 117, 125). In essence, they must " 'take steps to correct the conditions that led to the removal of the child from their home' " (Matter of Nathaniel T., 67 NY2d 838, 840, quoting from Matter of Leon RR., supra, at 125).

Here, after the appellant was found to have sexually molested her 4½ year old twins, her son Travis was removed from her home (see, Matter of T. G., 128 Misc 2d 914). The Family Court directed her to seek mental health counseling if she wanted to reunite herself with her son.

The record demonstrates that although the appellant regularly and continuously attended group therapy sessions, and actively participated in the group, due to her lack of acknowledgment of guilt, the cause of abuse was never explored and she was unable to gain any insight to her behavior. This contention was supported by several expert witnesses.

Since the appellant's failure to admit the proven sexual abuse prevented her from making any therapeutic progress, we find that she cannot make an adequate plan for Travis's future. Thus, Travis is a permanently neglected child (see, Matter of Jessica MM., 122 AD2d 462; see also, Matter of Nathaniel T., 67 NY2d 838, supra). Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur. [See, 141 Misc 2d 641.]