■ In the Matter of TAMMY B. DEPARTMENT OF SOCIAL SERVICES, Respondent; THOMAS B., Appellant.—In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based upon permanent neglect, the father appeals from so much of a dispositional order of the Family Court, Orange County (Slobod, J.), entered December 21, 1990, as, upon a fact-finding order of the same court, dated November 15, 1990, which, after a hearing, found, *inter alia*, that his daughter, Tammy B., had been permanently neglected, terminated his parental rights and placed the child with the Commissioner of the Orange County Department of Social Services for adoption. The notice of appeal from the fact-finding order is deemed to be a premature notice of appeal from the dispositional order (see, CPLR 5520 [c]). The appeal from the dispositional order brings up for review the fact-finding order.

Ordered that the dispositional order is affirmed insofar as appealed from, without costs or disbursements.

The father contends that the Family Court erred in terminating his parental rights, because the petitioner failed to sustain its burden of proving that it made diligent efforts to strengthen the parental relationship, particularly since the agency did not make suitable arrangements for him to visit his daughter. We disagree.

In a proceeding to terminate parental rights based on permanent neglect, the threshold consideration is whether the agency has discharged its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship (see, Matter of Gregory B., 74 NY2d 77, 86; Matter of Jamie M., 63 NY2d 388, 390; Matter of Sonia H., 177 AD2d 575). Here, the petitioner provided the father with an opportunity to visit with his daughter on Wednesdays from 3:00 P.M. to 4:00 P.M. At the father's request the petitioner permitted a friend of the father's, to supervise Sunday visits. Unfortunately, this visitation schedule ended after one month as Tammy became uncontrollable. The father was subsequently given the opportunity to see Tammy during the originally-set hours. The father complained that he could not make the visits because it conflicted with his work schedule. The father drove a taxi cab from 6:00 A.M. to 6:00 P.M. Despite this 12-hour shift, the father conceded that he could eat lunch at any time he wanted and thus it appears that he could have made the scheduled visits, which were in the same town that he worked. Furthermore, the father was unemployed during a 6-month period, yet he only made visits with his daughter on an "off and on" basis during that time. The father conceded that on the occasions that he did not visit it was not work-related because he was unemployed. In addition to scheduling visitation, the petitioner made sure that Tammy called her parents on a weekly basis, had caseworkers meet with the father once a month to review the service plan, reminded the father to visit his daughter, and reminded the father that he had to attend 80% of his scheduled therapy sessions.

We further find that the Family Court correctly found that the father failed to plan for Tammy's future. In planning for the future of a child, "[a]t a minimum, parents must 'take steps to correct the conditions that led to the removal of the child from their home' " (Matter of Nathaniel T., 67 NY2d 838, 840, quoting Matter of Leon RR, 48 NY2d 117, 125). This parental obligation necessarily includes addressing and overcoming specific personal and familial problems which initially endangered or proved harmful to the child, and which may in the future endanger or possibly harm the child (see, Matter of

*Sonia H., supra).* Here, after Tammy had been removed from the custody of her parents, the father was found to have sexually abused her. The Family Court directed him to seek sexual offender therapy if he wanted to reunite himself with his daughter.

The record reflects that although the father attended therapy sessions, due to his lack of acknowledgment of guilt, the cause of abuse was never explored and he was unable to gain any insight to his behavior. Since the father failed to make any therapeutic progress, we find that he cannot make an adequate plan for Tammy's future. Thus, Tammy is a permanently neglected child *(see, Matter of Travis Lee G.,* 169 AD2d 769, 770; *Matter of Sonia H., supra).* Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.