■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of TINA D. and Others, Children Alleged to be Abused and Neglected, Respondent, v KENNETH D. et al., Appellants. [624 NYS2d 455] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based upon permanent neglect, the parents separately appeal from so much of a dispositional order of the Family Court, Dutchess County (Marlow, J.), entered April 27, 1993, as, upon a fact-finding order of the same court, dated August 4, 1992, which, after a hearing, found, inter alia, that their daughters, Tina and Teri, had been permanently neglected, and upon a derivative finding of permanent neglect of their son Kenneth, Jr., terminated their parental rights and placed the children with the Commissioner of the Dutchess County Department of Social Services without conditions.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court correctly found that the appellants failed to plan for their children's future (see, Social Services Law § 384-b [7]). In planning for the children's future, "[a]t a minimum, parents must 'take steps to correct the conditions that led to the removal of the child from their home' " (Matter of Nathaniel T., 67 NY2d 838, 840, quoting Matter of

*Leon RR,* 48 NY2d 117, 125). This parental obligation necessarily includes addressing and overcoming specific personal and familial problems which initially endangered or proved harmful to the child, and which may in the future endanger or possibly harm the child *(see, Matter of Tammy B.,* 185 AD2d 881; *Matter of Sonia H.,* 177 AD2d 575).

Here, after the two girls had been removed from the custody of the appellants, the father was found to have sexually abused the oldest. Thereafter, the oldest son was also removed from the appellants' custody. The Family Court directed the appellants to seek sexual abuse therapy if they wanted to reunite with their children.

Although the father attended therapy sessions, due to his lack of acknowledgment of guilt, the cause of the abuse was never explored and he was unable to gain any insight into his behavior. Because the father failed to make any therapeutic progress, we find that he cannot make an adequate plan for his children's future *(see, Matter of Tammy B., supra; Matter of Travis Lee G.,* 169 AD2d 769).

The mother failed to attend the recommended counseling, missed 42% of scheduled visits with her children over a 16-month period, and failed to attend several bi-yearly conferences to discuss the future of the children. Thus, the Family Court properly found that the mother failed to adequately plan for her children's future *(see, Matter of Kandu Anthony Y.,* 166 AD2d 653).

Accordingly, it is in the best interests of the children that the appellants' parental rights be terminated in order to permit the children to be adopted and provided with a stable family life *(see, Matter of Sheila G.,* 61 NY2d 368). Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.