■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of DAVID S., a Child Alleged to be Neglected. HELENA S., Appellant; ANGEL GUARDIAN HOME, Respondent. [630 NYS2d 801] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based upon permanent neglect, the mother, Helena S., appeals from a dispositional order of the Family Court, Kings County (Lubow, J.), dated December 17, 1992, which, upon a determination of the same court, made after a fact-finding hearing, that the child had been permanently neglected, and after a dispositional hearing, inter alia, terminated the mother's parental rights and awarded custody and guardianship of the child to the petitioner-respondent Angel Guardian Home for purposes of adoption.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court correctly found that the natural mother

failed to plan for her child's future *(see,* Social Services Law § 384-b [7]). In planning for a child's future, "[a]t a minimum, parents must 'take steps to correct the conditions that led to the removal of the child from their home' " *(Matter of Nathaniel T.,* 67 NY2d 838, 840, quoting *Matter of Leon RR,* 48 NY2d 117, 125). This parental obligation necessarily includes addressing and overcoming specific personal and familial problems which initially endangered or proved harmful to the child, and which may in the future endanger or possibly harm the child *(see, Matter of Tammy B.,* 185 AD2d 881; *Matter of Sonia H.,* 177 AD2d 575).

Here, the child was placed in foster care because the mother's paramour had physically abused him. The mother, however, continued to associate herself with the same man, attended only a limited amount of the court-ordered counseling sessions, and did not maintain a regular pattern of visitation. Thus, the Family Court properly found that the mother failed to adequately plan for her child's future *(see, Matter of Kandu Anthony Y.,* 166 AD2d 653).

We agree that it is in the best interests of the child that the natural mother's parental rights be terminated in order to permit the child to be adopted and provided with a stable family life *(see, Matter of Sheila G.,* 61 NY2d 368). Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.