■ In the Matter of SOCIETY FOR SEAMEN's CHILDREN, on Behalf of LYDIA L. and Others, Children Alleged to be Neglected, Respondent, v SHIRLEY L. et al., Appellants. [638 NYS2d 668] —In a proceeding pursuant to Social Services Law § 384-b, the appeal is from an order of the Family Court, Richmond County (Meyer, J.), dated October 20, 1993, which, after a hearing, found that the parents had violated the terms and conditions of an order of the same court dated December 17, 1991, finding that they had permanently neglected the children.

Ordered that the father's appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The Family Court correctly found that the mother failed to plan for her children's future. In planning for the future of a child, "[a]t a minimum, parents must 'take steps to correct the conditions that led to the removal of the child from their home' " (*Matter of Nathaniel T.*, 67 NY2d 838, 840, quoting *Matter of Leon RR*, 48 NY2d 117, 125; *Matter of Tammy B.*, 185 AD2d 881). This parental obligation includes addressing and overcoming the specific domestic problems that initially endangered the child and that may endanger the child in the future (*see, Matter of Tammy B., supra,* at 883; *Matter of Sonia H.*, 177 AD2d 575). Although the mother in this case attended therapy sessions, she failed to make any therapeutic progress. Therefore, she cannot make an adequate plan for her children's future, and the children are permanently neglected (*see, Matter of Tammy B., supra,* at 883; *Matter of Sonia H., supra,* at 576; *Matter of Travis Lee G.*, 169 AD2d 769, 770).

We have examined the mother's remaining contentions and find them to be without merit. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.