■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CODY M. and Others, Children Alleged to be Abused and Neglected, Respondent, v MARK M., Appellant. [646 NYS2d 177] —In proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b, inter alia, to terminate parental rights based on permanent neglect, the father appeals from two orders of the Family Court, Dutchess County (Brands, J.), entered February 16, 1995, which, after a fact-finding hearing in the abuse and neglect proceeding, found that he sexually abused and neglected the children, and after a fact-finding hearing in the permanent neglect proceeding, determined that he had permanently neglected the children, and thereupon awarded custody and guardianship of the children to the petitioner Dutchess County Department of Social Services.

Ordered that the orders are affirmed, without costs or disbursements.

In a child protective proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1; Matter of Philip M., 82 NY2d 238, 243). "[P]revious statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse of neglect. Any other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]).

Here, contrary to the appellant's contention, the statutory

requirements of corroboration were satisfied, and, therefore, the finding of sexual abuse should be sustained. The children's accounts of the sexual abuse perpetrated by the appellant were consistent with one another and corroborated by the testimony of their mother, the findings of the validator, the physical findings of sexual abuse by two doctors, and the various sexual devices recovered from the family household. Furthermore, the evidence supports the Family Court's finding of neglect based on the appellant's continued involvement with drugs and alcohol from 1989 through 1994, which resulted in several convictions and periods of incarceration (see, Family Ct Act § 1046 [a] [iii]).

We find no merit to the appellant's contention that the permanent neglect petition should have been dismissed as untimely, as the children were in the care of the petitioner for well over one year when the permanent neglect petitions were filed (see, Family Ct Act § 614 [1]; Social Services Law § 384-b [7] [a]; Matter of Robin PP., 222 AD2d 762).

Furthermore, we find no merit to the appellant's contention that the Family Court incorrectly found permanent neglect and terminated his parental rights. Pursuant to Social Services Law § 384-b (7), a child is permanently neglected if the parent fails to plan for the future of the child, although physically and financially able to do so, and notwithstanding the social service agency's diligent efforts to strengthen the child-parent relationship (see, Social Services Law § 384-b [7]; Matter of Maldrina R., 219 AD2d 723). "At a minimum, parents must 'take steps to correct the conditions that led to the removal of the child from their home' " (Matter of Nathaniel T., 67 NY2d 838, 840; Matter of Leon RR, 48 NY2d 117, 125). "This parental obligation necessarily includes addressing and overcoming specific personal and familial problems which initially endangered or proved harmful to the child, and which may in the future endanger or possibly harm the child" (Matter of Tammy B., 185 AD2d 881, 882).

In the child protective proceeding, a dispositional order was issued against the appellant on or about November 13, 1991, and for over two years, until that order was vacated by this Court on February 28, 1994, he took no steps to comply with the dispositional order. Thereafter, despite the continued efforts of the petitioner, the appellant still took no steps to address the problems that led to the removal of the children from his care. Under these circumstances, the appellant failed to meet his obligation to plan for the future of his children (cf., Matter of Charlene TT., 217 AD2d 274).

The appellant's remaining contentions are without merit. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.