■ In the Matter of RAYMOND W., an Infant. SAINT DOMINIC'S HOME et al., Respondents; RAYMOND J., Appellant. [693 NYS2d 27] —Order, Family Court, Bronx County (Marjory Fields, J.), entered on or about March 31, 1997, insofar as appealed from, terminating respondent's parental rights to the subject child upon a finding of mental illness, and committing the child's custody and guardianship to petitioners' agency and Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

The finding of mental illness is supported by clear and convincing evidence, namely, the testimony of the court-appointed psychiatrist that respondent suffers from a debilitating mental illness known as anti-social personality disorder. There is no known medication for this illness, and the prognosis for respondent is poor. As a result, respondent presently and for the foreseeable future lacks the basic insight and skills necessary to provide proper parenting, and the child would be at risk of both physical and emotional harm were he to be returned to respondent's custody. This testimony was uncontroverted and, as Family Court found, adequately explained why respondent was given a different diagnosis by the hospital that had treated him for substance abuse at about the same time he was being evaluated by the witness.

It was not improper for Family Court to entertain the instant permanent termination proceeding (Family Ct Act art 6) based on mental illness when a child protective proceeding (Family Ct Act art 10) based on neglect was pending by reason of a remand from this Court for a new fact-finding hearing (Matter of Raymond J., 224 AD2d 337). An adjudication of neglect or abuse in an article 10 proceeding is not a jurisdictional or other requirement of an article 6 proceeding. It is required that the

child be "in the care" of an authorized agency for at least one year before institution of an article 6 proceeding based on mental illness (Family Ct Act § 614 [1] [b]; Social Services Law § 384-b [4] [c]), which was met in this case, and it does not avail respondent that the order placing the child in the custody of the agency had been reversed on appeal for a new fact-finding hearing (see, Matter of Mickey B., 65 AD2d 603). Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.