■ In the Matter of PERRY T.K., JR., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SAQUONNA K., Respondent; PERRY K., Appellant. (Proceeding No. 1.) In the Matter of TOBIAS K., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SAQUONNA K., Respondent; PERRY K., Appellant. (Proceeding No. 2.) In the Matter of BRITTANY K., a Child Alleged to be Abused and Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SAQUONNA K., Respondent; PERRY K., Appellant. (Proceeding No. 3.) In the Matter of SUSQUEHANNA G., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SAQUONNA K., Respondent; PERRY K., Appellant. (Proceeding No. 4.) [793 NYS2d 71]—

In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights by reason of, inter alia, permanent neglect and abuse, the father appeals from so much of an order of disposition of the Family Court, Suffolk County (Lehman, J.), entered August 5, 2003, as, upon an order of the same court entered May 30, 2003, and an order of the same court entered June 3, 2003, respectively, which, after a hearing, found, among other things, that the child Brittany K. had been abused and the children Perry T.K., Jr., Tobias K., and Susquehanna K., had been permanently neglected, terminated his parental rights and placed the children in the guardianship and custody of the Suffolk County Department of Social Services for

the purpose of adoption. The notice of appeal from the order entered June 3, 2003, is deemed to be a notice of appeal from the order of disposition dated August 5, 2003 (*see* CPLR 5512).

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The appellant was found to have sexually abused his then four-year old daughter Brittany K., and derivatively neglected his three other minor children (*see Matter of Brittany K.,* 308 AD2d 585 [2003]). Contrary to the appellant's contention, the evidence adduced at the fact-finding hearing supports, by clear and convincing evidence, the Family Court's finding that the appellant severely abused Brittany K. pursuant to Social Services Law § 384-b (8) (a).

Moreover, the evidence proved by clear and convincing evidence that Brittany K.'s three siblings have been permanently neglected, and that termination of parental rights was in the children's best interests (*see Matter of Nathaniel T.,* 67 NY2d 838, 840 [1986]; *Matter of Dutchess County Dept. of Social Servs. [Cody M.] v Mark M.,* 230 AD2d 737 [1996]; *Matter of Dutchess County Dept. of Social Servs. [Tina D.] v Kenneth D.,* 213 AD2d 714 [1995]; *Matter of Tammy B.,* 185 AD2d 881 [1992]; *Matter of Sonia H.,* 177 AD2d 575 [1991]; *Matter of Travis Lee G.,* 169 AD2d 769 [1991]). In this case, the petitioner was relieved of the obligation of demonstrating "diligent efforts" to strengthen the parental relationship in view of the orders of protection which were issued (*see* Social Services Law § 384-b [7]). In planning for the children's future, the appellant, at a minimum, had to take the steps necessary to correct the conditions which led to removal of the children in the first instance (*see Matter of Nathaniel T., supra*). In refusing to acknowledge his guilt, and in failing to complete the sex offender treatment program to which he had been referred, the "cause of [the appellant's] abuse was never explored and he was unable to gain any insight to his behavior" (*Matter of Tammy B., supra* at 883); thus, no therapeutic progress was made and he could not adequately plan for Brittany K.'s future, nor the future of his other three children.

There is no merit to the appellant's remaining contentions. Florio, J.P., Santucci, Krausman and Rivera, JJ., concur.