■ In the Matter of AJUWON H. MCMAHON SERVICES FOR CHILDREN, Respondent; ANNMARIE H., Appellant. MAGLA N., Nonparty Respondent. [796 NYS2d 108]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Free-

man, J.), dated February 2, 2004, as, after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred the child to the custody and guardianship of the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the notice of appeal from a decision dated December 18, 2003, is deemed a premature notice of appeal from the order of disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's finding that the mother permanently neglected the subject child within the meaning of Social Services Law § 384-b (7) was established by clear and convincing evidence (*see Matter of Nathaniel T.,* 67 NY2d 838, 840, 842 [1986]; *Matter of Orlando F.,* 40 NY2d 103, 110 [1976]; *Matter of Tammy B.,* 185 AD2d 881 [1992]; *Matter of Travis Lee G.,* 169 AD2d 769, 770 [1991]).

The record reflects that, although the mother attended therapy and participated in parental skills training, she never acknowledged her responsibility for her son's injuries, despite a previous order finding that she had committed abuse. Thus, because the mother was unable to gain insight into her previous abusive behavior, the Family Court correctly found that, despite diligent efforts by the agency, she failed to adequately plan for her son's future and, therefore, the child was permanently neglected (*see Matter of Tammy B., supra; Matter of Sonia H.,* 177 AD2d 575 [1991]; *Matter of Travis Lee G., supra*). Furthermore, the Family Court correctly determined that it would be in the child's best interests to be freed for adoption by his foster mother (*see Matter of Nathaniel T., supra* at 842; *Matter of Diana L.,* 299 AD2d 359, 360 [2002]; *Matter of Jeremiah R.,* 266 AD2d 553 [1999]). Florio, J.P., Adams, Mastro and Lifson, JJ., concur.