In the Matter of DAVID O.C. St. Vincent's Services, Inc., Respondent; GWENDOLYN C., Appellant. [870 NYS2d 389]—

Contrary to the mother's contention, the agency established by clear and convincing evidence that she permanently neglected her child by failing to plan for his future for a period of more than one year following the date he came into the agency's care (*see* Social Services Law § 384-b [7] [c]). At a minimum, plan-

ning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home (*see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Tynell S.*, 43 AD3d 1171, 1172 [2007]; *Matter of Jennifer R.*, 29 AD3d 1005, 1006 [2006]). Here, although the mother enrolled in a drug rehabilitation program shortly after the child was placed in foster care, she relapsed into drug use during the aftercare phase of the program, and never successfully completed it. The mother's relapse and failure to complete drug treatment demonstrate that she did not ameliorate the primary problem that led to the child's placement, and thus failed to plan for his future (*see Matter of "Female" C.*, 55 AD3d 603 [2008]; *Matter of Kevin J.*, 55 AD3d 468 [2008]; *Matter of Laura F.*, 48 AD3d 812 [2008]; *Matter of Leah Tanisha A.-N.*, 48 AD3d 801 [2008]; *Matter of Leon G.*, 7 AD3d 524 [2004]; *Matter of Dana Marie L.*, 296 AD2d 499 [2002]).

Furthermore, the Family Court properly determined that it would be in the best interests of the child to be freed for adoption by his foster mother, with whom he has lived for most of his life (*see Matter of Daevon Lamar P.*, 48 AD3d 469 [2008]; *Matter of "Baby Boy" E.*, 42 AD3d 536 [2007]; *Matter of Tyria W.*, 41 AD3d 859 [2007]; *Matter of Jeremiah Kwimea T.*, 10 AD3d 691 [2004]; *Matter of Diana L.*, 299 AD2d 359 [2002]). Spolzino, J.P., Florio, Carni and Leventhal, JJ., concur.