◼ In the Matter of AMBER D.C., Also Known as AMBER C., a Child Alleged to be Permanently Neglected. MERCYFIRST et al., Respondents; ANGELICA C. et al., Appellants. (Proceeding No. 1.) In the Matter of TIFFANY JADE C., Also Known as TIFFANY C., a Child Alleged to be Permanently Neglected. MERCYFIRST et al.,

Respondents; ANGELICA C. et al., Appellants. (Proceeding No. 2.) In the Matter of JORDAN TAYLOR C., Also Known as JORDAN C., a Child Alleged to be Permanently Neglected. MERCYFIRST et al., Respondents; ANGELICA C. et al., Appellants. (Proceeding No. 3.) In the Matter of ASTRID EVE C., Also Known as ASTRID C., a Child Alleged to be Permanently Neglected. MERCYFIRST et al., Respondents; ANGELICA C. et al., Appellants. (Proceeding No. 4.) [912 NYS2d 431]—

In four related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother and father separately appeal, as limited by their respective briefs, from so much of (1) a fact-finding order of the Family Court, Kings County (Lim, J.), dated August 10, 2009, as, after a hearing, found that they each had permanently neglected the subject children, and (2) four orders of disposition of the same court (one as to each child), each dated October 6, 2009, as terminated their respective parental rights as to the subject children and transferred custody of the children to MercyFirst and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.

Ordered that the appeals from the fact-finding order are dismissed, without costs or disbursements, as the fact-finding order was superseded by the orders of disposition and is brought up for review on the appeals from the orders of disposition; and it is further,

Ordered that the orders of disposition are affirmed, without costs or disbursements.

The Family Court properly determined, as to each of the four children, that it was in their best interest to terminate the parental rights of the mother and father (see Matter of Justina Rose D., 28 AD3d 659 [2006]; Matter of Perry T.K., 16 AD3d 687 [2005]). Termination of parental rights as to the three youngest children will free those children for adoption, providing them with the opportunity to have a permanent family (see Matter of Michael B., 80 NY2d 299 [1992]). Although it appears that the oldest child might not be adopted, we nevertheless affirm the termination of the parents' parental rights as to her as well. A suspended judgment was not appropriate in light of the parents' lack of insight into the severity of her problems, and their failure to acknowledge and address the primary issue which led to her removal in the first instance (see Matter of Amy B., 37 AD3d 600 [2007]).

The father's remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Eng, Hall and Lott, JJ., concur.