■ In the Matter of JONATHAN B., a Child Alleged to be Permanently Neglected. SUFFOLK COUNTY DEPARTMENT OF SO- CIAL SERVICES, Respondent; LINDA S., Appellant. [923 NYS2d 638]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Freundlich, J.), dated March 31, 2010, which, after a hearing, found that she permanently neglected the subject child and terminated her parental rights.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The subject child was born on July 15, 2008. At birth, the child tested positive for both opiates and methadone, and he was placed in foster care immediately upon his discharge from the hospital. The Family Court directed the mother to undergo a mental health evaluation, to attend a drug treatment program, and to participate in psychotherapy, substance abuse training, and parent effectiveness training. Although the mother completed a parent effectiveness training course, she never received mental health treatment on a regular basis. Moreover, she failed to complete numerous outpatient substance abuse programs, and admitted using heroin even after the Suffolk County Department of Social Services (hereinafter the DSS) filed the instant petition to terminate her parental rights in December 2009.

In the order appealed from, the Family Court found that the mother had permanently neglected the child, terminated the mother's parental rights, and placed the child in the custody of the DSS for the purpose of adoption. The mother appeals.

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). "At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home" (*Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]; *see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Leon RR*, 48 NY2d 117, 125 [1979]). Here, the Family Court properly found that the mother's failure to address her substance abuse problem supported the finding of permanent neglect (*see Matter of David O.C.*, 57 AD3d 775 [2008]; *Matter of Jonathan P.*, 283 AD2d 675 [2001]).

At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based upon the best interests of the child (*see* Family Ct Act § 631; *Matter of Ashey Lorraine R.*, 22 AD3d 671 [2005]; *Matter of Crystal C.*, 219 AD2d 601, 602 [1995]). The Family Court's determination must be afforded great weight, as it had the opportunity to observe the credibility and demeanor of the witnesses (*see Mat-*

*ter of Nathaniel T.*, 67 NY2d at 842; *Matter of Irene O.*, 38 NY2d 776, 777 [1975]). Here, the Family Court properly concluded that it was in the child's best interests to terminate the mother's parental rights and free him for adoption by his foster parents, with whom he has lived virtually his entire life (*see Matter of Keynyha Shante Marie B. [Craig B.]*, 76 AD3d 1063 [2010]; *Matter of David O.C.*, 57 AD3d 775 [2008]; *Matter of Daevon Lamar P.*, 48 AD3d 469 [2008]). Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.