■ In the Matter of PETER C., JR. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PETER C., Appellant, et al., Respondent. [930 NYS2d 264]—

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]). Contrary to the father's contention, the evidence adduced at the fact-finding hearing established by the requisite clear and convincing standard of proof that he permanently neglected his child by continuing to abuse illegal drugs following the removal of the subject child from his custody. Notwithstanding the persistent efforts of the Suffolk County Department of Social Services to help reunite the family, the father refused to cooperate with all rehabilitation programs, failed to secure financial stability, and tested positive for illegal drugs on one occasion. By his actions, the father failed to plan for his child's return (*see Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078, 1079 [2011]; *Matter of John M. [Raymond K.]*, 82 AD3d 1100 [2011]).

At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based upon the best interests of the child (*see* Family Ct Act § 631). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Robbins v Robbins*, 48 AD3d 822 [2008]). Here, the Family Court properly concluded that it was in the child's best interests to terminate the father's parental rights and free him for adoption by the foster parents. A suspended judgment was not appropriate in light of the father's lack of insight into his problems and his failure to address the primary issues which led to the child's removal in the first instance (*see Matter of Zechariah J. [Valrick J.]*, 84 AD3d 1087, 1088-1089 [2011]; *Matter of Amber D.C. [Angelica C.]*, 79 AD3d 865 [2010]). Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.