In the Matter of WALTER D.H. NEW YORK FOUNDLING HOSPITAL, Respondent; ZAIRE L., Appellant, et al., Respondent. [938 NYS2d 567]—

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [a]; Family Ct Act § 622; *Matter of Star Leslie W.*, 63 NY2d 136 [1984]). Before a finding of permanent neglect can be made, the agency must demonstrate that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7] [f]; *Matter of Jamie M.*, 63 NY2d 388, 390 [1984]; *Matter of Sorin P.*, 58 AD3d 743 [2009]).

Here, the agency established by clear and convincing evidence that it made diligent efforts to strengthen the parent-child relationship, and that despite its efforts, the mother failed to meaningfully plan for the future of the subject child (*see Matter of Nathaniel T.*, 67 NY2d 838, 842 [1986]; *Matter of Leavon Marvin B.*, 60 AD3d 941 [2009]; *Matter of Laura F.*, 48 AD3d 812 [2008]; *Matter of Sarah Jean R.*, 290 AD2d 511 [2002]). According deference to the Family Court's findings as to the credibility, character, and temperament of the mother and other witnesses, we find that the evidence adduced at the fact-finding hearing supports the Family Court's finding of permanent neglect (*see Matter of Marie J.*, 307 AD2d 265 [2003]).

At a dispositional hearing after a finding of permanent neglect, the Family Court must make its determination based on the best interests of the child (*see* Family Ct Act § 631). The mother contends that the Family Court should have suspended judgment for one year pursuant to Family Court Act § 633 to prepare her to be reunited with the child (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]). Here, however, despite the mother's recent efforts to avail herself of the services offered to her, the child has bonded with the foster mother, who has consistently provided for him for most of his life, and it would not be in the child's best interests to prolong foster care (*see Matter of Angelica W. [Dorothy W.]*, 80 AD3d 772 [2011]; *Matter of Olivia Susan C.*, 2 AD3d 441 [2003]). Thus, the Family Court properly concluded that it was in the child's best interests to terminate the mother's parental rights and free him for adoption by his foster parent (*see Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078 [2011]).

The mother's contention that this proceeding should not have been commenced prior to the resolution of a related Family Court Act article 10 child protective proceeding is without merit (*see Matter of Raymond W.*, 263 AD2d 366 [1999]; *Matter of Mickey B.*, 65 AD2d 603 [1978]). Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur.