■ In the Matter of TY-WAN JAYDEN H. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent; LASHANDA ODESSA V., Appellant. (Proceeding No. 1.) In the Matter of ALANAH ODESSA L. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent; LASHANDA ODESSA V., Appellant. (Proceeding No. 2.) In the Matter of JASMINE DENISE GAYNELL J. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent; LASHANDA ODESSA V., Appellant. (Proceeding No. 3.) In the Matter of JAYDEN TYWAN H., JR. LITTLE FLOWER CHILDREN AND FAMILY SERVICES OF NEW YORK, Respondent; LASHANDA ODESSA V., Appellant. (Proceeding No. 4.) [944 NYS2d 921]—

In four related proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of four orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (Beckoff, J.), each dated January 21, 2011, as, after fact-finding and dispositional hearings, found that she permanently neglected

each of the subject children, terminated her parental rights, and transferred guardianship and custody of the children to Little Flower Children and Family Services of New York and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court properly determined that she had permanently neglected the subject children in that she failed for a period of more than one year following the placement and commitment of the children in the care of the petitioner, substantially, continuously, and repeatedly to plan for the future of the children although physically and financially able to do so (see Social Services Law § 384-b [7] [a]). The petitioner established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parental relationship by, among other things, facilitating regular visitation with the children and repeatedly referring the mother to drug treatment programs, although the mother's behavior was uncooperative and her compliance inconsistent (see Social Services Law § 384-b [7] [a], [f]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Darrnell G. [Robin Denise H.], 88 AD3d 789, 790 [2011]; Matter of Peter C., Jr. [Peter C.], 88 AD3d 702, 703 [2011]; Matter of Jonathan B. [Linda S.], 84 AD3d 1078, 1079 [2011]). Moreover, the Family Court properly concluded that it was in the children's best interests to terminate the mother's parental rights and free them for adoption by the foster mother (see Family Ct Act § 631). A suspended judgment was not appropriate in this instance, because, despite the mother's recent efforts to avail herself of the services offered to her, the children have bonded with the foster mother, who has consistently provided for them, and it would not be in the children's best interests to prolong foster care (see Matter of Walter D.H. [Zaire L.], 91 AD3d 950, 951 [2012]). Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.