In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Hoffmann, J.), dated April 4, 2012, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to the Commissioner of Social Services for Suffolk County for the purpose of adoption.
Ordered that the order is affirmed, without costs or disbursements.
Contrary to the mother’s contention, the Family Court properly found that the petitioning agency made diligent efforts to encourage and strengthen the parental relationship (see Social *1085 Services Law § 384-b [7] [a]), and that the mother failed to plan for the child’s future. The evidence at the fact-finding hearing showed that the mother failed to gain insight into the problems that caused the child’s removal, and that were preventing the child’s return to her care (see Matter of Sonia H., 177 AD2d 575, 576 [1991]). Thus, the Family Court properly found that the mother permanently neglected the child.
The Family Court also properly determined that it was in the child’s best interests to terminate the mother’s parental rights. A suspended judgment was not appropriate in light of the mother’s lack of insight into her problems, and her failure to acknowledge and address the primary issues which led to the child’s removal in the first instance (see Matter of Amber D.C. [Angelica C.], 79 AD3d 865, 866 [2010]). Additionally, the court did not err in dispensing with the notice requirement for adoption proceedings (see Domestic Relations Law § 111 [2] [c]; Matter of Amy B., 37 AD3d 600, 601 [2007]).
The mother’s remaining contentions are without merit. Mastro, J.R, Leventhal, Sgroi and Miller, JJ., concur.