*879 In four related neglect proceedings pursuant to Family Court Act article 6 and Social Services Law § 384-b, (1) the mother appeals, as limited by her notice of appeal and brief, from stated portions of an order of the Family Court, Queens County (McGowan, J.), dated July 30, 2012, which, upon a decision of the same court dated February 7, 2012, made after a fact-finding and dispositional hearing, inter alia, denied her application for the entry of a suspended judgment and found that she neglected the subject children, and the child Mahaadai H. separately appeals from the same order, and (2) the mother appeals, as limited by her brief, from so much of an order of disposition of the same court entered February 20, 2013, as, upon the decision and the order dated July 30, 2012, terminated her parental rights and transferred the guardianship and custody of the subject children to MercyFirst and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption, the father separately appeals, as limited by his notice of appeal and brief, from so much of the order of disposition entered February 20, 2013, as, upon the decision and those portions of the order dated July 30, 2012, which denied his application for the entry of a suspended judgment and found that he neglected and abandoned the subject children, terminated his parental rights and transferred the guardianship and custody of the subject children to MercyFirst and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption, and the child Mahaadai H. separately appeals from so much of the order of disposition entered February 20, 2013, as terminated his parents’ parental rights as to him and transferred guardianship and custody over him to MercyFirst and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption.
Ordered that on the Court’s own motion, the father’s notice of appeal from the order dated July 30, 2012, is deemed to be premature notice of appeal from the order of disposition entered February 20, 2013 (see CPLR 5520 [c]); and it is further,
Ordered that the appeals by the mother and the child Mahaadai H. from stated portions of the order dated July 30, 2012, are dismissed, without costs or disbursements, as the order dated July 30, 2012, was superseded by the order of disposition and is brought up for review on the appeals by the mother and the child Mahaadai H. from the order of disposition; and it is further,
*880 Ordered that the order of disposition is affirmed, without costs or disbursements.
The Family Court properly found that the parents permanently neglected the four subject children. The social services agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Matter of Kevin L. [Jose L.L.], 102 AD3d 695, 696 [2013]; Matter of Damian D.T.B., 294 AD2d 359, 360 [2002]). The agency also established by clear and convincing evidence that the parents failed for a period of one year following the children’s placement with the social services agency to plan for the children’s future (see Social Services Law § 384-b [7] [c]; Matter of Dariana K.C. [Katherine M.], 99 AD3d 899, 900-901 [2012]; Matter of Peter C., Jr. [Peter C.], 88 AD3d 702, 703 [2011]).
Further, the Family Court properly determined, as to each of the four subject children, that it was in their best interest to terminate the parental rights of the mother and father (see Matter of Victoria C. [Cassandra C.], 106 AD3d 1084, 1085 [2013], lv denied 21 NY3d 866 [2013]; Matter of Dariana K.C. [Katherine M.], 99 AD3d at 901; Matter of Peter C., Jr. [Peter C.], 88 AD3d at 703). Termination of parental rights as to the three youngest children will free those children for adoption, providing them with the opportunity to have a permanent family (see Matter of Michael B., 80 NY2d 299, 310 [1992]; Matter of Amber D.C. [Angelica C.], 79 AD3d 865, 866 [2010]). Although it appears that the oldest child, Mahaadai, might not be adopted, termination of parental rights as to him was appropriate as well. The entry of a suspended judgment was not appropriate in light of the parents’ lack of insight into the severity of the problems with their parenting, and their failure to acknowledge and address the underlying issue that led to the children’s removal from their custody in the first place (see Matter of Amber D.C. [Angelica C.], 79 AD3d at 866).
The remaining contentions of the parents and the child Mahaadai either are without merit or need not be addressed in light of our determination. Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.