*779 In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from three orders of fact-finding and disposition of the Family Court, Kings County (Turbow, J.) (one as to each child), all dated January 15, 2013, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the children to MercyFirst and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption.
Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.
The petitioning agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the mother and the subject children by meeting with the mother to review her service plan, discussing the importance of compliance, providing referrals for drug treatment, and scheduling visitation between the mother and the subject children (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Sheila G., 61 NY2d 368, 381 [1984]; Matter of Peter C., Jr. [Peter C.], 88 AD3d 702, 703 [2011]; Matter of Justina Rose D., 28 AD3d 659, 660 [2006]; Matter of “Female” V., 21 AD3d 1118, 1119 [2005]). Despite these efforts, the mother failed to “assume a measure of initiative and responsibility [and] plan for the future of [her] child[ren]” (Matter of Jamie M., 63 NY2d 388, 393 [1984]) by “tak[ing] steps to correct the conditions that led to the removal of the child[ren] from [her] home” (Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1087-1088 [2011] [internal quotation marks omitted]; see Matter of Star Leslie W., 63 NY2d at 143; Matter of Sheila G., 61 NY2d at 392; Matter of Darryl A.H. [Olga Z.], 109 AD3d 824 [2013]; Matter of Peter C., Jr. [Peter C.], 88 AD3d at 703; Social Services Law § 384-b [7] [c]). The mother’s belated partial compliance with the service plan was insufficient to preclude a finding of permanent neglect (see Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 544 [2013]; Matter of Hadiyyah J.M. [Fatima D.R.], 91 AD3d 874, 875 [2012]; Matter of Zechariah J. [Valrick J.], 84 AD3d at 1088; Matter of Megan R.W. [Connie Lynn M.], 69 AD3d 737 [2010]). Accordingly, the Family Court properly granted the petitions and terminated the mother’s parental rights.
Skelos, J.E, Balkin, Hall and Maltese, JJ., concur.