In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two resettled orders of fact-finding and disposition (one as to each child) of the Family Court, Kings County (O’Shea, J.), both dated January 4, 2013, which, upon a decision of the same court dated July 26, 2012, *813 made after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to Mercy First and the Commissioner of the Administration for Children’s Services of the City of New York for the purpose of adoption.
Ordered that the resettled orders of fact-finding and disposition are affirmed, without costs or disbursements.
The Family Court properly found that the mother permanently neglected the subject children (see Social Services Law § 384-b [7] [a]). The petitioning agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Sheila G., 61 NY2d 368, 373 [1984]; Matter of Precious D.A. [Tasha A.], 110 AD3d 789, 789-790 [2013]; Matter of Darryl A.H. [Olga Z.], 109 AD3d 824, 824 [2013]; Matter of Joseph W. [Monica W.], 95 AD3d 1347, 1347-1348 [2012]). The mother’s contention that the agency failed to specifically tailor its efforts to her individual situation because it did not diagnose and treat her depression is without merit, in light of the mother’s failure to follow through with the repeated referrals made by the agency for the mother to undergo a mental health evaluation.
Despite the agency’s diligent efforts, the mother failed to plan for the children’s future (see Social Services Law § 384-b [7] [c]; Matter of Corey S. [Angel S.], 112 AD3d 641, 642 [2013]; Matter of Victoria C. [Cassandra C.], 106 AD3d 1084 [2013]; Matter of Peter C., Jr. [Peter C.], 88 AD3d 702, 703 [2011]; Matter of Jonathan B. [Linda S.], 84 AD3d 1078, 1079 [2011]).
Further, contrary to the mother’s contention, the Family Court properly determined that it was in the best interests of the older child, Latik, to terminate her parental rights (see Matter of Mahaadai D.H. [Rhonda L.H.], 110 AD3d 878, 880 [2013]; Matter of Amber D.C. [Angelica C.], 79 AD3d 865, 866 [2010]).
Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur.