■ In the Matter of WILLIAM Z. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MILLIE A.S. et al., Appellants. [999 NYS2d 137]—

Appeals from an order of disposition of the Family Court, Rockland County (William P. Warren, J.), dated October 24,

2013. The order, after a dispositional hearing, terminated the parental rights of the mother and the father, and transferred the guardianship and custody of the subject child to the Rockland County Commissioner of Social Services for the purpose of adoption. The appeals from the order of disposition bring up for review an order of fact-finding of that court dated September 13, 2013, which, after a fact-finding hearing, found that the mother and father permanently neglected the subject child.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the parents' contentions, the petitioner agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the parents and the subject child (*see* Social Services Law § 384-b [7]; *Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]). These efforts included encouraging both parents to complete drug treatment programs, encouraging the mother to obtain mental health treatment and complete parenting classes, monitoring the parents' progress in these programs, and scheduling visitation with the child (*see Matter of Angel H. [Omayra G.]*, 107 AD3d 891 [2013]; *Matter of Jewels E.R. [Julien R.]*, 104 AD3d 773, 773 [2013]). Despite these efforts, the mother and father failed to plan for the future of the child (*see Matter of Jewels E.R. [Julien R.]*, 104 AD3d at 773; *Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078 [2011]; *Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]).

The Family Court also properly determined that it was in the child's best interests to terminate the parental rights of the mother and father and to free him for adoption by his foster parents, with whom he has lived for the vast majority of his life (*see Matter of Angel H. [Omayra G.]*, 107 AD3d at 892-893; *Matter of David O.C.*, 57 AD3d at 776).

Accordingly, we affirm the order of disposition. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.