■ In the Matter of HASON-JA M. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KILADI M., Appellant. (Proceeding No. 1.) In the Matter of HANJA M. ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KILADI M., Appellant. (Proceeding No. 2.) [998 NYS2d 920]—

Appeal from (1) an order of fact-finding of the Family Court, Rockland County (William P. Warren, J.), dated September 18, 2013, and (2) an order of disposition of that court dated November 14, 2013. The order of fact-finding, after a hearing, found that the father permanently neglected the subject children. The order of disposition, after a hearing, terminated the father's parental rights and transferred the guardianship and custody of the subject children to the Commissioner of Social Services of Rockland County for the purpose of adoption.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-

finding was superseded by the order of disposition, and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously or repeatedly maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Egypt A.A.G. [Kimble G.]*, 108 AD3d 533, 533-534 [2013]; *Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d 780, 781 [2013]; *Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]). " 'At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home' " (*Matter of Carmine A.B. [Nicole B.]*, 101 AD3d 711, 712 [2012], quoting *Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]; *Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078, 1079 [2011]).

Here, the Family Court properly found that the father permanently neglected the subject children. The petitioner established by clear and convincing evidence that it made diligent efforts to assist the father in planning for the children's future by, among other things, referring him to a sex offender treatment program and repeatedly advising him that he had to attend and complete the program (*see Matter of Carmine A.B. [Nicole B.]*, 101 AD3d at 712-713; *Matter of Temple S.M. [Tricia M.]*, 97 AD3d 681, 681-682 [2012]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032, 1033 [2010]). In failing to complete the sex offender treatment program and refusing to acknowledge his guilt, the father was unable to gain insight into his previous abusive behavior (*see Matter of Ajuwon H.*, 18 AD3d 752, 753 [2005]; *Matter of Perry T.K.*, 16 AD3d 687, 688 [2005]; *Matter of Tammy B.*, 185 AD2d 881, 883 [1992]; *see also Matter of Emerald L.C. [David C.]*, 101 AD3d 1679, 1680 [2012]). Accordingly, the Family Court properly found that the father failed to adequately plan for the children's future (*see Matter of Ajuwon H.*, 18 AD3d at 753; *Matter of Perry T.K.*, 16 AD3d at 688; *Matter of Tammy B.*, 185 AD2d at 883; *see also Matter of Emily Jane Star R. [Evelyn R.]*, 117 AD3d 646, 647 [2014]; *Matter of James X.*, 37 AD3d 1003, 1006-1007 [2007]).

Moreover, the Family Court properly determined that

termination of the father's parental rights, rather than the entry of a suspended judgment, was in the children's best interests (*see* Family Ct Act § 631; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938-939 [2013]; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789, 790 [2013]). Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.