■ In the Matter of ESSENCE L.M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDDY M. et al., Appellants. [9 NYS3d 369]—

Appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (David Freundlich, J.), dated February 28, 2014. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that the mother and father permanently neglected the subject child, terminated their parental rights, and transferred the guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

To establish permanent neglect, there must be clear and convincing proof that, for a period of one year, or 15 out of the most recent 22 months, following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]; *Matter of Sheila G.*, 61 NY2d 368, 380-381 [1984]). With respect to the threshold issue of whether the agency exercised diligent efforts, "[t]hose efforts must include counseling, making suitable arrangements for visitation, providing assistance to the parents to resolve or ameliorate the problems preventing discharge of the child to their care and advising the parent at appropriate intervals of

the child's progress and development" (*Matter of Star Leslie W.*, 63 NY2d at 142; *see* Social Services Law § 384-b [7] [f]; *Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 429 [2012]). "At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home" (*Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]; *see Matter of Nathaniel T.*, 67 NY2d 838, 840 [1986]; *Matter of Leon RR*, 48 NY2d 117, 125 [1979]; *Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078, 1079 [2011]).

Here, contrary to the appellants' contentions, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the relationship between the parents and the subject child (*see Matter of William Z. [Millie A.S.]*, 123 AD3d 937, 938 [2014]; *Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]). Despite these efforts, the appellants failed to plan for the future of the child during the relevant time period (*see Matter of William Z. [Millie A.S.]*, 123 AD3d at 938; *Matter of Jewels E.R. [Julien R.]*, 104 AD3d 773, 773 [2013]; *Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078 [2011]; *Matter of David O.C.*, 57 AD3d 775, 775-776 [2008]).

Moreover, the Family Court properly determined that termination of the appellants' parental rights, rather than entry of a suspended judgment, was in the child's best interests (*see* Family Ct Act § 631; *Matter of Hason-Ja M. [Kiladi M.]*, 124 AD3d 894 [2015]; *Matter of Amonte M. [Mary M.]*, 112 AD3d 937, 938-939 [2013]; *Matter of Precious D.A. [Tasha A.]*, 110 AD3d 789, 790 [2013]). Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.