Matter of Innocence A. M.-F. (Khadijah N. M.-F.) (2019 NY Slip Op 04699)





Matter of Innocence A. M.-F. (Khadijah N. M.-F.)


2019 NY Slip Op 04699


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-03306
 (Docket No. B-393-15)

[*1]In the Matter of Innocence A. M.-F. (Anonymous). Coalition for Hispanic Family Services, respondent; Khadijah N. M.-F. (Anonymous), appellant.


Jeffrey C. Bluth, New York, NY, for appellant.
James M. Abramson, PLLC, New York, NY (Stefan Williams of counsel), for respondent.
Etta Ibok, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), dated March 19, 2018. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The subject child was born in 2010 and was placed in foster care in 2011. In March 2015, the Coalition for Hispanic Family Services (hereinafter the petitioner) commenced this proceeding to terminate the mother's parental rights. After fact-finding and dispositional hearings, the Family Court issued an order of fact-finding and disposition determining, inter alia, that the mother permanently neglected the child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[4], [7][a]). The threshold inquiry in a proceeding to terminate parental rights is whether the presentment agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Sheila G., 61 NY2d 368, 371). The [*2]petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the mother's relationship with the child. These efforts included providing the mother with referrals for drug treatment, counseling, and parenting classes, discussing with the mother the importance of her compliance with the service plan, monitoring the mother's progress in the programs, and scheduling and supervising visitation. Despite those efforts, the mother failed to plan for the return of the child, as she did not complete all of the required services and failed to gain any insight from those she did complete. Accordingly, we agree with the Family Court's determination that the mother permanently neglected the child (see Matter of George R. [Samatha M.], 162 AD3d 1041, 1042; Matter of Lierre J.M. [Melissa L.D.], 150 AD3d 1009, 1010; Matter of Hector V. P. [Mariana V.], 146 AD3d 889, 890).
We also agree with the Family Court's determination that it was in the child's best interests to terminate the mother's parental rights, rather than to enter a suspended judgment, and to free the child for adoption (see Family Ct Act § 631; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700; Matter of Xiomara D. [Faith D.], 141 AD3d 585, 585; Matter of Nay'amya W.R. [Kiara D.], 135 AD3d 770, 771).
The mother's contention, in effect, that the Family Court lacked jurisdiction to make a finding of permanent neglect because the prior related Family Court Act article 10 child protective proceeding remained unresolved is without merit (see Matter of Walter D.H. [Zaire L.], 91 AD3d 950, 952; Matter of Raymond W., 263 AD2d 366, 366; Matter of Mickey B., 65 AD2d 603, 603).
The mother's contention that she was deprived of the effective assistance of counsel also is without merit. The record shows that the mother was afforded meaningful representation, thereby satisfying the constitutional standard (see Matter of Dean J.K. [Joseph D.K.], 121 AD3d 896, 897; Matter of Alfred C., 237 AD2d 517, 517).
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court