◼ In the Matter of SHARON H., a Child Alleged to be Neglected. SOCIETY FOR SEAMEN'S CHILDREN et al., Respondents; SHARON H., Appellant. (Proceeding No. 1.) In the Matter of HASSAN H., a Child Alleged to be Neglected. SOCIETY FOR SEAMEN'S CHILDREN et al., Respondents; SHARON H., Appellant. (Proceeding No. 2.)—In proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground that the parents abandoned their children, or in the alternative, on the ground that they have permanently neglected their children, the mother appeals, as limited by her brief, from so much of two orders (one order as to each child) of the Family Court, Richmond County (Meyer, J.), both entered May 25, 1988, as, after a hearing, terminated her parental rights and transferred guardianship and custody of the children to the petitioner Society for Seamen's Children.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contentions, the record amply supports the Family Court's findings that the petitioner fulfilled its statutory obligation *(see,* Social Services Law § 384-b [7]) of employing diligent efforts to strengthen the parent-child relationship *(see, e.g., Matter of Star Leslie W.,* 63 NY2d 136). Moreover, the agency sustained its burden of demonstrating, by clear and convincing evidence, that the mother permanently neglected her children by making no efforts to contact them or to establish a realistic plan for their future *(see, Matter of Gregory B.,* 74 NY2d 77). We note that a parent's incarceration does not excuse the planning requirement, and under the facts and circumstances of this case, the mother did not offer a viable plan *(see, Matter of Gregory B., supra,* at 87-88). Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.