■ In the Matter of Shaquanna C. Forestdale, Inc., et al., Respondents; Doris C., Appellant. (Proceeding No. 1.) In the Matter of Shashakea C. Forestdale, Inc., et al., Respondents; Doris C., Appellant. (Proceeding No. 2.)—In two proceedings pursuant to Social Services Law § 384-b to terminate the parental rights of the natural mother of two children, the mother appeals from two orders of disposition (one for each child) of the Family Court, Kings County (Cozier, J.), both dated August 20, 1990, which terminated her parental rights and committed the guardianship and custody of both children to Forestdale, Inc., and the Commissioner of Social Services of the City of New York. The appeals bring up for review a fact-finding order of the same court, dated December 21, 1989, which, after a hearing, found that the mother had permanently neglected her children by failing to plan for their futures.

Ordered that the orders are affirmed, without costs or disbursements.

Contrary to the mother's contention, the record amply supports the Family Court's findings that the petitioner ful-

filled its statutory obligation (see, Social Services Law § 384-b [7]) of employing diligent efforts to strengthen the parent-child relationships (see, e.g., Matter of Gregory B., 74 NY2d 77, 86; Matter of Sheila G., 61 NY2d 368). From the time the children were placed into the custody of the petitioning agency, Forestdale, Inc., the agency developed a regular visitation program, provided the hearing-impaired mother with sign-language interpreters at meetings with social workers, informed the mother of the necessary steps for the return of the children, and arranged for the mother to attend counseling, psychotherapy, and parent training sessions on three different occasions, at institutes which provided such assistance to the hearing impaired. As a result, we find that the agency identified the particular problems facing the mother with respect to the return of her children and made affirmative, repeated, and meaningful efforts to assist the mother in overcoming her handicaps (see, Matter of Gregory B., supra; Matter of Sheila G., supra; Matter of Sharon H., 163 AD2d 312).

We additionally find that the evidence adduced at the fact-finding hearing established that the best interests of the children required termination of the appellant's parental rights (Family Ct Act §§ 623, 631). In particular, the expert testimony of both of the children's psychotherapists indicated that mere contact with the mother would be detrimental to progress made by the children while in foster care. Accordingly, we find that the Family Court properly terminated the parental rights of the mother, and transferred custody and guardianship of the children to the agency, along with the Commissioner of Social Services for the City of New York (see, Matter of Star Leslie W., 63 NY2d 136, 148). Mangano, P. J., Sullivan, Harwood and O'Brien, JJ., concur.