■ In the Matter of EGYPT A.A.G. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KIMBLE G., Appellant. [969 NYS2d 111]—

In a proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b to terminate the father's parental rights on the ground of permanent neglect, the father appeals from (1) a fact-finding order of the Family Court, Suffolk County (Budd, J.), dated March 21, 2012, which, after a hearing, found that he permanently neglected the subject child, and (2) an order of disposition of the same court, also dated March 21, 2012, which, after a hearing, terminated his parental rights and committed the guardianship and custody of the child to the petitioner for the purpose of adoption.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

"To establish permanent neglect, there must be clear and convincing proof that, for a period of one year following the child's placement with an authorized agency, the parent failed to substantially and continuously maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen

the parental relationship" (*Matter of Walter D.H. [Zaire L.]*, 91 AD3d 950, 951 [2012]; *see Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d 780, 781 [2013]). According to the statute, planning for the future of the child means taking such steps as may be reasonably necessary to provide an adequate, stable home and parental care for the child within a period of time that is reasonable under the financial circumstances available to the parent (*see* Social Services Law § 384-b [7] [c]). The plan must be realistic and feasible, and good-faith effort shall not, of itself, be determinative (*see id.*). At a minimum, planning for the future of the child requires the parent to take steps to correct the conditions that led to the child's removal from the home (*see* Social Services Law § 384-b [7] [a], [c]; *Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d at 781; *Matter of Carmine A.B. [Nicole B.]*, 101 AD3d 711, 712 [2012]; *Matter of Jonathan B. [Linda S.]*, 84 AD3d 1078, 1079 [2011]).

Here, the Family Court properly found that the father permanently neglected the subject child. The agency established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see Matter of Luis A.M.C. [Wendy M.]*, 102 AD3d at 781; *Matter of Christina M.R. [Lynette Cassandra C.]*, 101 AD3d 1021 [2012]). The agency also established by clear and convincing evidence that the father failed for a period of one year following the child's placement with the agency to plan for the child's future, as he failed to develop a realistic and feasible plan (*see* Social Services Law § 384-b [7] [c]). Further, the father's incarceration did not excuse him from the planning requirement of the statute (*see Matter of Hailey ZZ. [Ricky ZZ.]*, 19 NY3d 422, 430-431 [2012]; *Matter of Sharon H.*, 163 AD2d 312 [1990]).

The father's remaining contentions are without merit. Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.