■ In the Matter of LACEE L., an Infant. STEPHANIE L., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [60 NYS3d 164]—

Order (denominated a decision), Family Court, Bronx County (Robert Hettleman, J.), entered on or about April 5, 2016, which, after a hearing, determined that petitioner agency made reasonable efforts to achieve the permanency goal of returning the subject child to respondent mother during the nine-month period following the child's removal, unanimously affirmed, without costs.

Family Court's decision is an appealable paper because it decided a motion made on notice and affected a substantial right—namely, the mother's alleged right to relief under the Americans with Disabilities Act (ADA) (CPLR 5701 [a] [2] [v]; *Matter of Carlos G. [Bernadette M.]*, 96 AD3d 632, 632-633 [1st Dept 2012]). In addition, the mootness exception applies to the issues raised on this appeal (*see City of New York v Maul*, 14 NY3d 499, 507 [2010]; *cf. Matter of Breeyanna S.*, 52 AD3d 342 [1st Dept 2008] [appeal regarding child's placement was moot where, among other things, the ADA was not at issue], *lv denied*

11 NY3d 711 [2008]). As indicated by the Family Court here, the main issue raised at the permanency hearing was "to what degree the [foster care] agency was required to accommodate the parents' cognitive disabilities when discharging its obligation to pursue the goal of return to parent."

While Family Court correctly determined that the ADA is not applicable to this proceeding (*see Matter of La'Asia Lanae S.*, 23 AD3d 271 [1st Dept 2005]), the law makes clear, as Family Court recognized and the parties in this case agreed, that "the agencies' efforts towards a permanency plan must be tailored to the particular circumstances and individuals in a given case" (citing *Matter of Cloey S. [Anthony T.]*, 99 AD3d 1080 [3d Dept 2012], and *Matter of Shaquanna C.*, 184 AD2d 509 [2d Dept 1992]). As the Family Court held in *Matter of La'Asia S.* (191 Misc 2d 28, 42-43 [Fam Ct, NY County 2002]), in the context of termination of parental rights actions, a court may properly look to the ADA's standards for guidance in evaluating whether "diligent efforts" were made by the agency under Social Services Law § 384-b (7). The Family Court here acknowledged that it was required to consider the mother's special needs when determining if the agency's efforts were reasonable in this case. After evaluating the agency's efforts in that light, the court found that the agency satisfied its obligation to tailor its efforts to the mother's needs (*see e.g. Matter of Cloey S.*, 99 AD3d at 1081), and that the agency's reunification efforts were reasonable under the circumstances (*see id.*; *see also Matter of Michael WW.*, 45 AD3d 1227 [3d Dept 2007]).

In precluding litigation of ADA claims during the permanency hearing, but considerate of its purpose to guide the reasonable efforts analysis, the Family Court properly complied with the requirements as set forth by the court in the *La'Asia* case. Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.